**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN WILEY & SONS, LTD. AND AMERICAN INSTITUTE OF PHYSICS**, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 12-CV-01446 |
| vs. | ) ) | Hon. Charles R. Norgle |
| **MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, AND JOHN DOE NOS. 1-10**, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

### DEFENDANT MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP'S ANSWER TO COMPLAINT

Plaintiffs seek in this case to create unprecedented liability for law firms filing patent applications that would change long established practices in fulfilling legal obligations under the Patent Law and Regulations requiring patent practitioners to disclose prior art to the United States Patent and Trademark Office ("USPTO"). Such a result would undermine the Patent Office's ability to get full disclosure of relevant prior art to the detriment of our patent system and, thus, to innovation in general. Fortunately, Plaintiffs' claims are without merit.

The process of securing U.S. patents is dictated by complicated USPTO Rules and Federal regulations. Failure to comply with those Rules and Regulations could lead, among other things, to fraud on the USPTO and could jeopardize a patent's scope, validity and enforceability.

Chicago-based law firm McDonnell Boehnen Hulbert & Berghoff LLP ("MBHB"), a 2012 "Go-To Law Firm" for Intellectual Property according to American Lawyer Media, devotes a substantial portion of its practice toward securing patents for its clients' technological innovations. In that practice, MBHB uses its best efforts to comply with the applicable rules and

regulations. One such rule requires MBHB to submit to the Patent Office copies of all known material, noncumulative prior art to the claimed invention in order to help the USPTO determine if the invention meets the conditions for patentability. Importantly, such prior art submissions are *legally required*. 37 C.F.R. § 1.56 (requiring disclosure of all information "material to patentability")

Now, Plaintiffs John Wiley & Sons, Ltd. and American Institute of Physics ("Plaintiffs") attempt to introduce a costly new requirement into this long-standing practice. They seek to impose a requirement on those practicing patent prosecution to negotiate a license with the holder of the copyright in the journals before complying with the Patent Office's prior art submission requirements. Plaintiffs' misguided attempt to change established practice will only serve to undermine the full disclosure requirements of the USPTO and interfere with access to the constitutionally mandated patent system.

Because of the negative impact of claims such as the Plaintiffs' on the patent system, and thus on its goal of encouraging innovation, the Patent Office has taken the unusual step of posting on its website a position paper from Bernard J. Knight, Jr., General Counsel of the USPTO, stating the USPTO's position that copying and submitting non-patent literature ("NPL") by patent applicants in order to satisfy the USPTO's disclosure requirements is fair use. The official position paper addressed all four fair use factors and concluded that "we believe that it is a fair use for an applicant to make copies of NPL and submit those copies to the USPTO during examination in an [Information Disclosure Statement]."[1] The General Counsel's position was based in part on the fact that "the applicants here are not 'exploiting' the copyrighted work, and

---

[1] *See* USPTO Position on Fair Use of Copies of NPL Made in Patent Examination, http://www.uspto.gov/ about/offices/ogc/USPTOPositiononFairUse_of_CopiesofNPLMadeinPatentExamination.pdf (last visited Apr. 19, 2012) ("USPTO Position Paper on Fair Use").

are instead merely submitting it, ***pursuant to a legal requirement***, based on its factual, rather than its expressive, content [and] the use could be considered transformative." (emphasis added) The General Counsel also concluded that "there is no basis for concluding that the applicants submission of NPL to the USPTO has any significant negative impact on the market for the submitted NPL."

Plaintiffs' attempt to characterize MBHB's alleged use of the scientific journal articles as anything but a legal, customary practice by attorneys to comply with their legal obligations during patent prosecution is unavailing. MBHB is being sued simply for following the requirements of the patent regulations. An adverse judgment against MBHB would harm not just MBHB, but all firms who practice in this area, and interfere with the federal government's interest in promoting an inexpensive and efficient patent system whereby prior art is appropriately disclosed. Plaintiffs' allegations, thus, fit squarely within the parameters of what the Copyright Act deems as a fair use. Accordingly, as a matter of law, Plaintiffs lack meritorious grounds for their copyright infringement suit.

Accordingly, MBHB answers Plaintiffs' Complaint as follows:

### Nature of the Action

1.     This is an action for copyright infringement. It arises from the unauthorized copying and/or distribution of plaintiffs' copyrighted works by a law firm, and its professionals, in connection with their patent prosecution practices, so that defendants and their clients may reap a profit.

**ANSWER:**   Plaintiffs' legal assertions require no response. MBHB admits that Plaintiffs have joined together to bring a one-count Complaint alleging copyright infringement of their separate allegedly copyrighted scientific journal articles. MBHB denies that it makes unauthorized copies of or distributes Plaintiffs' all other allegations in this paragraph. MBHB denies any remaining allegation in this paragraph.

## Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

**ANSWER:**      Admitted.

3.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**      Admitted.

## Parties

4.      Wiley is a United Kingdom corporation with its principal place of business in Chichester, England.

**ANSWER:**      MBHB is without sufficient information to admit or deny the allegations in this paragraph.

5.      AIP is a New York not-for-profit corporation with its principal place of business in Melville, New York.

**ANSWER:**      MBHB is without sufficient information to admit or deny the allegations in this paragraph.

6.      Upon information and belief, McDonnell is a law firm with its principal place of business in Chicago, Illinois.

**ANSWER:**      Admitted.

7.      Defendants John Doe Nos. 1-10 are partners, associates or other employees of McDonnell, whose identities are not currently known to plaintiffs.

**ANSWER:**      MBHB is without sufficient information to admit or deny the allegations in this paragraph.

## The Business of Plaintiffs

8.      Plaintiffs publish many of the world's leading scientific, technology and medical journals.

**ANSWER:**      MBHB is without sufficient information to admit or deny the allegations in this paragraph.

9.      Plaintiffs' journals consist primarily of peer-reviewed articles, written by one or more scholars, often based upon original research.

**ANSWER:**    MBHB is without sufficient information to admit or deny the allegations

in this paragraph.

10.     Plaintiffs invest heavily in publishing their journals.  Plaintiffs incur substantial costs for copyediting, proofreading, typesetting, printing, binding, distributing and marketing their journals, as well as administering the peer-review process that is integral to the publication of those works, and the progress of science.

**ANSWER:**    MBHB is without sufficient information to admit or deny the allegations

in this paragraph.

11.     Each plaintiff ordinarily requires its authors to assign or exclusively license to it the copyright in each article accepted for publication in one of its journals.  This practice enables each plaintiff to maximize the dissemination of each work.  Plaintiffs routinely register their copyrights in their journals published in the United States.

**ANSWER:**    MBHB is without sufficient information to admit or deny the allegations

in this paragraph.

12.     Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted journals both through (a) subscriptions to, and the sale of individual issues of, those journals, and (b) the licensing of the rights that the copyright law provides with respect to the content of those journals.  Consistent with the purpose of Article 1, Section 8, Clause 8, of the Constitution of the United States, this revenue provides an incentive for creative expression. Plaintiffs would suffer serious financial injury if the copyrights in those journals were not enforced.  A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving journals.  This would adversely impact the creation of new works, scholarly endeavor and, ultimately, scientific progress.

**ANSWER:**    MBHB denies that Plaintiffs would suffer serious financial injury if the

copyrights they allegedly own in these journals are not enforced in the manner that Plaintiffs

seek in their Complaint.  MBHB is without sufficient information to admit or deny the remaining

allegations in this paragraph.

**The Unlawful Acts of Defendants**

13.     McDonnell is engaged in the practice of law.  On its website, McDonnell states "we know high-technology industries, and we know the law.  We work with our clients to

5

provide them with the benefit of our extensive knowledge and experience, so that they can rest assured that their technology assets are protected." Among other things, McDonnell files and prosecutes United States patent applications on behalf of its clients. In addition, McDonnell holds itself out as practicing "intellectual property law," which includes copyright law.

**ANSWER:** MBHB admits that it practices law, and that this practice involves intellectual property law including prosecuting United States patent applications and providing its clients legal services related to copyright law. MBHB admits that Plaintiffs have accurately quoted the text on MBHB's web site. MBHB denies all other allegations in this paragraph.

14. In connection with researching, filing and prosecuting certain patent applications, McDonnell made and/or distributed to the United States Patent and Trademark Office ("PTO"), and perhaps others, unauthorized copies of copyrighted articles from plaintiffs' journals, including but not limited to those identified on Schedule A. Such unauthorized copies were used for the commercial benefit of defendants and their clients.

**ANSWER:** MBHB denies that it has made or distributed unauthorized copies of copyrighted articles from plaintiffs' journals, including those identified on Schedule A. MBHB admits that it discloses non-patent literature to the USPTO as part of its legal obligation to file an Information Disclosure Statement with the Patent Office in conjunction with filing and prosecuting a patent application. Such disclosure includes filing a copy of the non-patent literature with the Patent Office. This filing must disclose any information that would be material to the patentability of a claimed invention, which could include scientific journal articles published prior to the invention date of the patent applicant's invention. This incidental, non-commercial use of the articles qualifies as a non-infringing fair use pursuant to 17 U.S.C. § 107. The Patent Office has adopted this fair use argument in its Position Paper on Fair Use. MBHB denies all other allegations in this paragraph.

15. Upon information and belief, defendants made (a) additional copies of the copyrighted works that defendants included or cited in their patent applications to the PTO, including those identified on Schedule A, and (b) copies of plaintiffs' copyrighted works that defendants considered in connection with those applications, but did not ultimately cite or provide to the PTO. Plaintiffs cannot know the full extent of defendants' copying without

discovery.   Apart from the copying of plaintiffs' works accompanying the patent filings described above, this internal copying infringes plaintiffs' copyrights.

**ANSWER:**   Denied.

**CLAIM FOR RELIEF**
**(Copyright Infringement – 17 U.S.C. § 501)**

16.   Plaintiffs repeat the averments contained in paragraphs 1 through 15 as if set forth in full.

**ANSWER:**   MBHB repeats its responses to paragraphs 1 through 15 as if set forth in full.

17.   Plaintiffs either own the copyrights in the articles contained in the journals they publish or, alternatively, exclusively license those copyrights ("Plaintiffs' Copyrights").

**ANSWER:**   MBHB is without sufficient information to admit or deny the allegations in this paragraph.

18.   Defendants have infringed certain of the Plaintiffs' Copyrights, including, but not limited to, the registered copyrights in the articles listed on Schedule A by making unauthorized copies of them for internal use, and for distribution outside McDonnell.

**ANSWER:**   Denied.

19.   This mere multiplication of copies for the for-profit business purposes of defendants is not privileged under the law.

**ANSWER:**   Denied.

20.   Defendants are prosecuting patents for the profit of themselves and their clients and are using Plaintiffs' Copyrights as part of that profit-making activity without due compensation to plaintiffs.  Upon information and belief, McDonnell has charged its clients for the copies it has made of plaintiffs copyrighted works, and thereby made a direct profit as a result of its infringement.

**ANSWER:**   MBHB denies ¶ 20 except it admits that it is a profit-making law firm that among other things prosecutes patents at the request of its clients.

21.   Defendants have copied and/or distributed the copyrighted articles in their entirety.

**ANSWER:** MBHB denies except that it admits that it has provided a copy of the articles in issue to the USPTO as part of its legal obligation to file an Information Disclosure Statement with the Patent Office in conjunction with filing and prosecuting a patent application and that such use is a non-infringing fair use pursuant to 17 U.S.C. § 107.

22. Plaintiffs publish, sell and distribute journals, and license the copyrighted content contained in them, for precisely these types of use. Plaintiffs are ready, willing and able to provide defendants with licenses for their use either directly, through their licensing agents, or otherwise. Nevertheless, defendants have not acquired any of the licenses necessary to make their copying and distribution of plaintiffs' copyrighted articles lawful.

**ANSWER:** MBHB lacks information and belief as to the allegations herein and continues to investigate the facts as they relate to MBHB's acquisition of the articles listed on Schedule A.

23. The acts of defendants have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, attorneys, and all persons acting in concert with them, from infringing the Plaintiffs' Copyrights.

**ANSWER:** Denied.

24. Defendants have willfully infringed the Plaintiffs' Copyrights.

**ANSWER:** Denied.

25. Plaintiffs are entitled to recover damages sustained as a result of defendants' unlawful conduct, including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively, at plaintiffs' election, (3) statutory damages.

**ANSWER:** Denied.

<u>**AFFIRMATIVE DEFENSES**</u>

MBHB states the following affirmative defenses without assuming the burden of proof where it otherwise would be on Plaintiffs. MBHB reserves the right to modify these defenses or assert additional defenses as may be warranted by future discovery or investigation in this action.

**FIRST DEFENSE**
**(Non-infringement)**

1.  Plaintiffs' claims are barred, in whole or in part, because MBHB has not infringed valid registered copyrights owned by Plaintiffs.

**SECOND DEFENSE**
**(Fair Use)**

2.  Plaintiffs' claims are barred, in whole or in part, by the affirmative defense of fair use. 17 U.S.C. § 107.

**THIRD DEFENSE**
**(*Noerr-Pennington* Immunity)**

3.  Plaintiffs' claims are barred, in whole or in part, because MBHB actions in petitioning the United States government with a patent application are immune from copyright liability on account of the *Noerr-Pennington* doctrine.

**FOURTH DEFENSE**
**(Non-Public Distribution and Display)**

4.  Plaintiffs' claims are barred, in whole or in part, because MBHB's actions do not constitute distribution "to the public" or displaying "publicly" as required for a copyright violation under 17 U.S.C. § 106.

**FIFTH DEFENSE**
**(Laches)**

5.  Plaintiffs' claims are barred, in whole or in part, by the equitable defense of laches.

**SIXTH DEFENSE**
**(Estoppel)**

6.  Plaintiffs' claims are barred, in whole or in part, by the equitable defense of estoppel.

**SEVENTH DEFENSE**
**(Waiver)**

7.  Plaintiffs' claims are barred, in whole or in part, by waiver.

**EIGHTH DEFENSE**
**(License)**

8.   Plaintiffs' claims are barred, in whole or in part, because MBHB may have a license or implied license to use the allegedly infringing scientific journal articles.

**NINTH DEFENSE**
**(First Sale)**

9.   Plaintiffs' claims are barred, in whole or in part, because the first sale doctrine bars Plaintiffs' rights to control non-infringing uses of their allegedly copyrighted works after MBHB legally acquires the right to use Plaintiffs' works.

**TENTH DEFENSE**
**(Copyright Misuse)**

10.  Plaintiffs' claims are barred, in whole or in part, because of the affirmative defense of copyright misuse. Plaintiffs attempt to control uses of their works in a manner that is contrary to public policy and outside the scope of the limited rights that the Copyright Act grants them.

**ELEVENTH DEFENSE**
**(Unclean Hands)**

11.  Plaintiffs' claims are barred, in whole or in part, by the affirmative defense of unclean hands.

**TWELFTH DEFENSE**
**(Lack of Actual Damages)**

12.  MBHB is not liable for Plaintiffs' actual damages because Plaintiffs' have not suffered any actual damages on account of the MBHB's use of the scientific journal articles that Plaintiffs allege in their Complaint.

**THIRTEENTH DEFENSE**
**(Lack of Statutory Damages)**

13. MBHB is not liable to Plaintiffs for statutory damages because MBHB has not infringed Plaintiffs' valid registered copyrights.

**FOURTEENTH DEFENSE**
**(Lack of Willfulness)**

14. MBHB did not willfully infringe Plaintiffs' copyrights, and is therefore not liable for statutory damages under 17 U.S.C. § 504(c)(2).

Dated: April 19, 2012                    Respectfully submitted,

                                         */s/ Barry F. Irwin, P.C.*
                                         Barry F. Irwin, P.C. (No. 6211213)
                                         KIRKLAND & ELLIS LLP
                                         300 North LaSalle Street
                                         Chicago, IL  60654
                                         Telephone: (312) 862-2000
                                         Facsimile: (312) 862-2200
                                         barry.irwin@kirkland.com

                                         Dale Cendali (*pro hac vice*)
                                         KIRKLAND & ELLIS LLP
                                         601 Lexington Avenue
                                         New York, NY  10022
                                         Telephone: (212) 446-4800
                                         Facsimile: (212) 446-4900
                                         dale.cendali@kirkland.com

                                         Jason M. Koransky (No. 6303746)
                                         KIRKLAND & ELLIS LLP
                                         300 North LaSalle Street
                                         Chicago, IL  60654
                                         Telephone: (312) 862-2000
                                         Facsimile: (312) 862-2200
                                         jason.koransky@kirkland.com

                                         Leif R. Sigmond, Jr. (No. 6204980)
                                         MCDONNELL BOEHNEN HULBERT &
                                         BERGHOFF LLP
                                         300 South Wacker Drive
                                         32nd Floor

Chicago, IL  60606
Telephone: (312) 913-0001
Facsimile: (312) 913-0002
sigmond@mbhb.com

*Attorneys for Defendant McDonnell Boehnen
Hulbert & Berghhoff, LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **ANSWER TO COMPLAINT** was served via the Court's Electronic Case Filing System pursuant to Local Rule 5.9 on April 19, 2012, to the following counsel of record:

Marianne C. Holzhall
McGarry & McGarry, LLC
120 N. LaSalle Street, Suite 1100
Chicago, IL 60602
mch@mcgarryllc.com

Annette Michele McGarry
McGarry & McGarry, LLC
120 North LaSalle, Suite 1100
Chicago, IL 60602
amm@mcgarryllc.com

Laura Jean Scileppi
Dunnegan & Scileppi LLC
350 Fifth Ave, Ste 4908
New York, NY 10118
ls@dunnegan.com

and I hereby certify that on April 19, 2012, I served the attached document by other means on the following, who is not a registered participant of the ECF system:

William Dunnegan
Dunnegan & Scileppi LLC
350 Fifth Avenue
Suite 4908
New York, NY 10118

*/s/ Barry F. Irwin*
Barry F. Irwin