UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN WILEY & SONS, LTD., and AMERICAN INSTITUTE OF PHYSICS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, and JOHN DOE NOS. 1-10, | )<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE, | )<br>)<br>) |
| Proposed Intervening Defendant. | ) |

12 C 1446

Judge Norgle

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**Introduction**

The United States Patent and Trademark Office ("USPTO"), subject to the policy direction of the Secretary of Commerce (*see* 35 U.S.C. § 1(a)), moves pursuant to Fed. R. Civ. P. 24 to enter an order granting it the right to intervene and to file the Answer and Counterclaim attached as Exhibit A. This proposed intervention is for the limited purpose of asserting that copying and distribution of copyrighted non-patent literature (NPL) by defendants that is necessary and incidental to the filing and prosecution of a U.S. patent application, and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any

issued U.S. Patent, is privileged and constitutes a fair use of such copyrighted works under 17 U.S.C. § 107.

Under Rule 24, the USPTO has three independent bases for such intervention: (1) intervention as a matter of right under Rule 24(a)(2) based on the USPTO's interest in the case and impairment of its ability to protect that interest if denied the right to intervene; (2) permissive intervention by a government agency under Rule 24(b)(2)(A) and/or (B), because the USPTO advises the President and the Executive Branch on intellectual property matters, including the Copyright Act, which is the basis of the plaintiffs' claim and the defendants' anticipated defense, and because the USPTO administers the Patent Act and regulations under it, which are inextricably intertwined in the plaintiffs' claims and part of the defendants' anticipated defense; and (3) permissive intervention under Rule 24(b)(1)(B) because the United States has a claim or defense that shares with the main action a common question of law or fact.

The United States and the entire patent system instituted by Congress are at risk of serious harm if the USPTO is denied intervention in the instant case. If this Court grants the plaintiffs the relief they request—which would be a finding that the defendant patent prosecutors violated copyright law by copying certain materials and distributing them to the USPTO even though Patent Act regulations require this submittal—the result would likely cause significant delays in patent prosecution and significant negative impacts on the efficiency, quality, and cost effectiveness of the patent process. This would prove particularly detrimental because invention and patent applications are at an all-time high and are only expected to increase in response to Congress' recent major legislation, the America Invents Act of 2011, Pub. L. No. 112-29, aimed at promoting American innovation and enterprise. The requested relief would have a significant adverse effect not just on patent prosecution, but also patent infringement litigation, which often

involves disputes over documents submitted (or not submitted) to the USPTO during patent prosecution.

For these reasons, and as set forth more fully below, the government respectfully requests that it be permitted to intervene in the instant action.

**Background**

On February 29, 2012, John Wiley & Sons, Ltd. and American Institute of Physics (together, "plaintiffs") filed the instant complaint against the law firm McDonnell Boehnen Hulbert & Berghoff LLP and John Doe Nos. 1-10, partners, associates and other employees of the firm (collectively, "defendants"). The plaintiffs claim copyright infringement under 17 U.S.C. § 101 *et seq.*, arising from the alleged unauthorized copying and/or distribution of the plaintiffs' copyrighted works in connection with the defendants' patent prosecution practices, including submissions to the USPTO.

The defendant law firm files and prosecutes United States patent applications on behalf of its clients. In order to comply with USPTO regulations and to promote efficient, effective patent review, patent applicants are required to disclose to the USPTO information material to the patentability of their inventions. *See* 37 C.F.R. § 1.56 (requiring applicants to submit all known information "material to patentability"); 37 C.F.R. § 1.98 (specifically requiring submission of "[a] legible copy of . . . [e]ach publication or that portion which caused it to be listed" on the applicant's information disclosure statement). This mandatory disclosure includes submission to the USPTO of copies of "prior art" materials in the form of published articles (*i.e.*, NPL). NPL provides invaluable guidance to the USPTO and the public as to whether an invention is in fact patentable. It is vital to the patent examination process that the examiners and the public have all available evidence related to patentability, including relevant copyrighted

articles. One critical use of NPL is to determine whether the invention already is in the public domain and thus not patentable.

The plaintiffs publish scientific, technical, and medical journals, consisting primarily of peer-reviewed articles, and either own or exclusively license the copyrights to these articles. They assert that in connection with researching, filing, and prosecuting certain patent applications, the defendants "made and/or distributed to the [USPTO], and perhaps others, unauthorized copies of copyrighted articles from plaintiffs' journals." Compl. ¶ 14. The plaintiffs assert that the defendants made copies of the plaintiffs' copyrighted works and included or cited them in their patent applications, and also made copies of copyrighted works that the defendants considered in connection with the applications, but did not ultimately cite or provide to the USPTO. Compl. ¶ 15.

In sum, the plaintiffs allege that the defendants infringed upon the plaintiffs' copyrights by making unauthorized copies of copyrighted works for internal use in the preparation of patent applications and for submittal to the USPTO, and that the defendants made a profit as a result of the infringement. The United States requests intervention to show that certain of the plaintiffs' claims are not supportable because the use of copyrighted material in connection with patent applications under the Patent Act constitutes "fair use.[1]"

---

[1] Specifically, as set forth in the attached pleading, the USPTO alleges that the fair use defense applies to "the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers and/or their representatives, such as defendant McDonnell." *See, e.g.*, First Proposed Defense.

**Statement of Interest**

The government seeks to intervene in this action on behalf of the USPTO. The USPTO has a paramount interest in ensuring that patent applicants can and do disclose the documents necessary to determine whether a proposed patent should be granted. This Court's ultimate decisions regarding the transactions at issue in this suit—the copying of copyrighted articles for the purpose of patent research and examination before the USPTO—may have far-reaching effects on the USPTO's patent operations and its ability to carry out its statutory mandate. If the plaintiffs obtain the relief they seek, would likely have a significant negative impact on the USPTO's ability to effectively and efficiently carry out its mission and its obligations as imposed by Congress.

**Argument**

First, the USPTO can intervene as a matter of right under Rule 24(a)(2) based on its critical interest in the subject matter of the case and the impediment to protecting that interest if denied the right to intervene. The plaintiffs' requested relief would significantly impair the USPTO's ability to carry out its core statutory functions. Second, the United States has an independent basis for permissive intervention under Rule 24(b)(2)(A) and/or (B) because the USPTO is a government agency that (1) advises the President and the entire Executive Branch on intellectual property matters, including the Copyright Act, which is the basis for the plaintiffs' claim, and (2) administers the Patent Act and regulations thereunder (37 C.F.R. §§ 1.56 and 1.98), which are inextricably intertwined in the plaintiffs' claims and part of the defendants' anticipated defense. And finally, the United States has an additional basis for permissive intervention under Rule 24(b)(1)(B) because the United States has a claim or defense that shares with the main action a common question of law or fact.

I. **The USPTO Has A Right To Intervene Under Rule 24(a).**

Federal Rule of Civil Procedure 24(a)(2) reads:

(a) **Intervention of Right**. On timely motion, the court must permit anyone to intervene who:

∗ ∗ ∗

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Seventh Circuit has held that to have a right to intervene under Rule 24(a)(2), a party must "(1) make timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired, 'as a practical matter,' by the action's disposition and (4) lack adequate representation of the interest by the existing parties." *See, e.g.*, *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994) (citation omitted). In addition, "Rule 24 should be liberally construed in favor of potential intervenors." *See iWork Software, LLC v. Corporate Express, Inc.*, 2003 WL 22494851, at *1 (N.D. Ill. Nov. 4, 2003). The United States' request to intervene meets each of these criteria as discussed below.

A. **This Application Is Timely.**

The United States' motion and proposed pleading are timely filed. The timeliness requirement of an intervention of right does not impose "a precise time limit," but instead is based on a reasonableness test. *See Nissei*, 31 F.3d at 438. Factors to be considered are the potential intervenors' diligence in learning of the suit and any prejudice to the parties caused by any delay. *See People Who Care v. Rockford Bd. Of Educ.*, 68 F.3d 172, 175 (7th Cir. 1995); *see also Nissei*, 31 F.3d at 438 (prejudice inquiry is not whether the case will be more difficult for

the defendant to defend on the merits, but whether the delay itself causes prejudice sufficient to justify denying the right of an intervening party to litigate their claim).

The United States learned of this action shortly after the plaintiffs filed their complaint on February 29, 2012 and swiftly moved to file its motion and proposed pleading very early on in the litigation process. The docket indicates that no discovery or preliminary scheduling has taken place. For these reasons, there is no risk of timing prejudice to the plaintiffs. *See Nissei*, 31 F.3d at 439 (intervention timely where intervenor filed motion three months after learning of suit); *Clorox Co. v. S.C. Johnson & Son, Inc.*, 627 F. Supp. 2d 954, 961 (E.D. Wis. 2009) (intervention timely where motion to intervene was filed just over a month after suit commenced and was the first substantive issue before the court). Thus, this motion is timely.

    **B.**  **The USPTO Has an Interest Related to the Transactions.**

A party seeking to establish a protectable interest for the purpose of intervention must show that it has a direct, significant, and legally protectable interest. *See Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Engineers*, 101 F.3d 503, 506 (7th Cir. 1996). The USPTO has a substantial interest in the transactions that are the subject of this action: the copying and submission to the USPTO of copyrighted materials that occurs in connection with the routine researching, filing, and prosecuting of patent applications under patent statutes. A person preparing and submitting a patent application *must* identify and disclose all known information that will assist a patent examiner in determining whether to grant a patent. *See* 37 C.F.R. § 1.56. This information is critical to the patent examination function; often, the examiner relies on this information in determining that the claimed invention fails to meet the statutory requirements and is thus not patentable, or that the patent claims must be narrowed in order for a patent to issue. Conversely, in cases where the examiner determines that the invention is patentable in

7

spite of the submitted information, the fact that the examiner considered the information in granting the patent frequently plays an important role in subsequent litigation or reexamination proceedings that challenge the validity of the patent.

While the USPTO is expressly interested in the defendants' specific transactions, its interests extend much more broadly in scope. The USPTO seeks to provide a fair and expedient examination process to all parties involved in the patent application process, including the inventors, their agents, and their attorneys, and including the defendants in this case. Because a ruling holding these defendants liable for copyright infringement could become a precedent for other patent applicants, the USPTO has a strong interest in supporting the defendants' position in this case.

Further, the USPTO also has a stake in this action because the requested relief could lead to claims against it for merely carrying out the dictates of patent statutes. While the USPTO asserts that certain specific[2] uses, copying, and distribution of copyrighted materials for purposes of patent prosecution by the defendants constitutes 'fair use' under the Copyright Act, 17 U.S.C. § 107 (see attached Answer, Defense and Counterclaim), the plaintiffs assert the opposite. The United States proposes to assert a counterclaim for declaratory judgment against the defendants—a form of relief available only to parties. As such, it is imperative that the United States be permitted to intervene to protect the USPTO's interest with respect to its own actions, as well as third-party actions taken in compliance with USPTO regulations.

      **C.    Disposition of This Matter May Impair or Impede the USPTO's Ability to Protect Its Interest.**

Disposition of this matter has the potential to severely impede the USPTO's ability to carry out its core statutory mission – the review and approval of patent applications. The

---

[2]    *See, e.g.,* United States' Proposed First Defense.

existence of an "impairment" under Rule 24(a) depends on whether a ruling would foreclose the intervenor's rights in subsequent proceedings, as measured by the general standards of *stare decisis*. *See Zurich Capital Mkts. Inc. v. Coglianese*, 236 F.R.D. 379, 386 (N.D. Ill. 2006). If this Court were to hold that the defendants committed copyright infringement by submitting copyrighted documents to the USPTO for the purpose of review in connection with patent applications, the ruling could broadly affect countless pending and future applications and handcuff the USPTO's ability to request and receive relevant NPL as required by statute. Such a ruling could impose burdensome transaction costs that would likely impose considerable delays and costs on patent prosecution at a time when Congress, through the America Invents Act of 2011, is encouraging increased American invention and calling on the USPTO to reduce the backlog of patent applications. Such a ruling would also significantly impair the ability of the USPTO to enforce the requirement under the Patent Act that applicants to submit vital non-patent literature with their applications.

  A ruling in favor of the plaintiffs could result in applicants simply not submitting certain required information in connection with their patent applications. If an applicant declines to submit all of the materials necessary and required for a patent examiner to conduct a complete and informed review of the proposed patent, it seriously impairs the patent examiner's ability to accurately determine whether a patent should be granted. As a result, patent quality would suffer, patent pendency rates would increase (because examiners would be less-equipped to evaluate applications and encounter more barriers to decision making), and the USPTO's ability to fulfill its statutory role as an engine of innovation and economic growth would be compromised. Such a ruling likely would also drive up the costs and risks of subsequent patent

9

litigation, which often involves questions about a patent applicant's decision not to submit allegedly "material information," including NPL, to the USPTO.

### D. The USPTO's Interest Is Not Adequately Represented by the Existing Parties.

The existing defendants to this action cannot be expected to adequately represent the USPTO's interest. As indicated above, the USPTO's interest extends far beyond the particular transactions here. Because of the broad scope of the government's interest, it is conceivable that there could be a divergence in litigation or settlement strategies. For example, the USPTO would not settle the narrow case at the expense of the national patent system. If not admitted as an intervenor, the USPTO's significant interest in the subject matter of this action will not be represented.

For all these reasons, the USPTO should be permitted to intervene as of right under Rule 24(a)(2).

## II. The USPTO Should Be Allowed Permissive Intervention Under Rule 24(b)(2) as a Government Agency.

The United States also has a right to permissively intervene under Rule 24(b)(2). *See Bible Way Church of Our Lord Jesus Christ World Wide, Inc. v. Showell*, 260 F.R.D. 1, 4 (D.D.C. 2009) (church could intervene both as of right and permissively in trademark action against the officers of the intervenor church, where the church's counterclaims were identical to those raised by officers and intervention would promote judicial efficiency and consistency).

Rule 24(b)(2) states as follows:

(b) **Permissive Intervention.**

* * *

> (2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state government officer or agency to intervene if a party's claim or defense is based on:
>
> > (A) a statute or executive order administered by the officer or agency; or
>
> > (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Rule 24(b) gives district courts wide discretion to grant permissive intervention. *See Griffith v. University Hosp., L.L.C.*, 249 F.3d 658, 661-62 (7th Cir. 2001) (stating that "Rule 24(b) vests district courts with 'considerable discretion' when deciding whether to permit intervention by third parties seeking to protect their interests in a particular action"). Courts have used this discretion to grant intervention to government officers or agencies. *See Group Health Inc. v. Blue Cross Ass'n*, 587 F. Supp. 887, 892 (S.D.N.Y. 1984) (HHS permitted to intervene where outcome of action could affect complex administrative framework governing Medicare reimbursements and where action was in its early phases and intervention was not likely to cause significant delay); *see also Coffey v. Comm'r of Internal Revenue*, 663 F.3d 947, 951 (8th Cir. 2011) (U.S. Virgin Islands "administered" an economic development plan at issue in case between the IRS and an individual where the plan exempted residents from certain income tax).

The Seventh Circuit has indicated that where permissive intervention is sought, the requester must demonstrate that it has independent jurisdiction. Here, the USPTO seeks to intervene to address claims under the Copyright Act, and related to the Patent Act and its regulations, and so has the same independent basis for jurisdiction as the plaintiffs, 28 U.S.C. §§ 1331 and 1338.

Rule 24(b)(3), which applies to all permissive intervention under Rule 24(b), requires courts to "consider whether the intervention will unduly delay or prejudice the adjudication of

11

the original parties' rights." As set forth above in the discussion on timeliness, permitting the United States to intervene would not prejudice the parties, *see* discussion *supra*, part I.A., nor would it delay the litigation. At this very early stage of litigation, the USPTO's entrance into the litigation could not cause any conceivable delay, particularly considering that no substantive action has taken place beyond the filing of the initial complaint and answer.

As demonstrated below, the USPTO has two independent bases to permissively intervene under Rule 24(b)(2) based on the USPTO's statutory powers and duties (1) to advise the Executive Branch concerning the Copyright Act, and (2) to administer the Patent Act and regulations promulgated under it. For the reasons set forth below, permissive intervention is appropriate and in the interest of both justice and judicial efficiency.

### A. Permissive Intervention Based on the USPTO's Powers and Duties Concerning Copyright Law.

Under Rule 24(b)(2), a government agency has the permissive right to intervene if "a party's claim or defense is based on: (A) a statute or executive order administered by the agency." The plaintiffs claim that the defendants violated the Copyright Act by copying and distributing copyrighted works in connection with researching, filing, and prosecuting patent applications. According to statute, the USPTO advises the President and the entire Executive Branch of the federal government concerning intellectual property law, which includes the Copyright Act. Pursuant to 35 U.S.C. § 2(b)(8) & (9), the USPTO "shall advise the President, through the Secretary of Commerce, on national and certain international intellectual property policy issues," and "shall advise Federal departments and agencies on matters of intellectual property policy in the United States and intellectual property protection in other countries." 35

U.S.C. § 2(b)(8) & (9). These statutory provisions support the USPTO's motion for permissive intervention.[3]

### B. Permissive Intervention Based on the Administration of the Patent Act

As set forth above, Rule 24(b)(1) extends to government agencies the permissive right to intervene where a party's claim or defense is based on (A) a statute administered by the agency, or (B) any regulation under the statute administered by the agency. Directly at issue in this case is the administration of the Patent Act, including regulations promulgated thereunder by the USPTO, pursuant to which the defendants allegedly copied and distributed the plaintiffs' copyrighted property. The Patent Act set forth the requirements for obtaining a patent in 35 U.S.C. §§ 102 and 103. To assist in determining whether applications comply with the statutory directives in §§ 102 and 103, the USPTO has promulgated 37 C.F.R. §§ 1.56, covering "Patents, Trademarks and Copyrights." *See* 35 U.S.C. § 2(b) (the USPTO may establish regulations not inconsistent with law that shall facilitate and expedite the processing of patent applications). Section 1.56 imposes a "duty to disclose to the Office all information known to that individual to be material to patentability."

Section 1.56 directs that information material to patentability be submitted to the USPTO in the manner prescribed by §§ 1.97 and 1.98. Section 1.98 specifically requires applicants to submit "[a] legible copy of . . . [e]ach publication or that portion which caused it to be listed" on the applicant's information disclosure statement. The USPTO is the primary administrator of all

---

[3] The USPTO's powers with respect to copyright matters are shared with the Register of Copyrights, who advises Congress, the judiciary, and , along with the USPTO, federal agencies, on national and international issues relating to copyright. *See* 35 U.S.C. § 2(c)(3) & (5) (providing that nothing in subsection (b) shall "derogate from the duties and functions of the Register of Copyrights" and that the USPTO Director shall "consult with the Register of Copyrights on all copyright and related matters"); 17 U.S.C. § 701 (enumerating the functions and duties of the Register of Copyrights).

patent regulations, including 37 C.F.R. §§ 1.56 and 1.98, which are an inescapable part of this litigation, and which support defendants' anticipated defense. As such, the United States should be granted permissive intervention under Rule 24(b)(2)(A) and/or (B).

### III. The USPTO May Also Permissively Intervene Under Rule 24(b)(1).

In addition to the permissive intervention granted to government agencies under Rule 24(b)(2) discussed above, Rule 24(b)(1) provides a separate and further basis for permissive intervention here. Rule 24(b)(1) allows permissive intervention to any party that can demonstrate a claim or defense that shares a common question of law or fact with the main action. Rule 24(b)(1)(B) provides:

> (b) **Permissive Intervention.**
>
> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>
> * * *
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

The USPTO seeks resolution of the same question of law as the parties to this case: whether the copying and submission of copyrighted documents to the USPTO for the purpose of preparing and filing patent applications is permitted under the Copyright Act. *See Rivers v. Califano*, 86 F.R.D. 41, 44 (S.D.N.Y. 1980) (intervention granted where intervenors' claims were nearly identical to those of named plaintiffs, indicating a common question of law and fact); *see also Bond v. Ultreras*, 585 F.3d 1061, 1070 (7th Cir. 2009) (Rule 24(b) intervention based on "common question of law or fact" is interpreted broadly). Further, the United States' Proposed pleading sets forth an affirmative defense and a counterclaim based on "fair use" under the Copyright Act, a defense that the defendants will unquestionably raise.

Where cases involve common questions of law or fact, permitting intervention will promote the just and efficient conduct of litigation. *See Shea v. Angulo*, 19 F.3d 343, 349 (7th Cir. 1994) (intervention is a procedural device meant to promote efficiency in the resolution of legal disputes by consolidating related legal questions in a single lawsuit). The United States wishes to litigate the same legal issue that this Court will resolve here. Intervention will be efficient for the federal judicial system and should be granted. As indicated above, intervention would neither unduly delay nor prejudice the parties. Thus, permissive intervention should be granted under Rule 24(b)(1).

## Conclusion

The USPTO respectfully requests that this court grant its Motion to Intervene in the instant proceeding and accept its Answer, Affirmative Defense and Counterclaim.

.

                Respectfully submitted,

                PATRICK J. FITZGERALD
                United States Attorney

                By: s/ Katherine E. Beaumont
                    KATHERINE E. BEAUMONT
                    Assistant United States Attorney
                    219 South Dearborn Street
                    Chicago, Illinois 60604
                    (312) 353-4088
                    katherine.beaumont@usdoj.gov

                JOHN FARGO
                Director, Intellectual Property Staff
                Commercial Litigation Branch
                Civil Division
                Department of Justice
                Washington, D.C. 20530
                (202) 514-7223
                John.fargo@usdoj.gov

BERNARD J. KNIGHT, JR.
General Counsel
RAYMOND T. CHEN
Solicitor
THOMAS W. KRAUSE
THOMAS L. CASAGRANDE
Associate Solicitors
United States Patent and Trademark Office
Madison Building East, Room 10B20
600 Dulany Street
Alexandria, Virginia 22314