IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN WILEY & SONS, LTD.,<br>AMERICAN INSTITUTE OF PHYSICS, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| -against- | ) <br> ) | 12 C 1446 |
| MCDONNELL BOEHNEN HULBERT<br>& BERGHOFF LLP, AND JOHN DOE<br>NOS. 1-10, | ) <br> ) <br> ) <br> ) | Judge Norgle |
| Defendants, | ) <br> ) | |
| and | ) <br> ) | |
| THE UNITED STATES PATENT AND<br>TRADEMARK OFFICE, | ) <br> ) <br> ) | |
| Intervening Defendant and<br>Counterclaim Plaintiff. | ) <br> ) | |

## AMENDED COMPLAINT

Plaintiffs John Wiley & Sons, Ltd. ("Wiley"), and American Institute of Physics ("AIP"), for their amended complaint against defendants McDonnell Boehnen Hulbert & Berghoff LLP ("McDonnell") and John Doe Nos. 1-10, allege:

### Nature of the Action

1. This is an action for copyright infringement. It arises from the unauthorized copying and/or distribution of plaintiffs' copyrighted works by a law firm, and its professionals, in connection with their scientific, technical and medical research on behalf of themselves and their clients, so that both may reap a profit ("Unauthorized Copying"). In response to the answer and counterclaim of the United States Patent and Trademark Office ("PTO") filed June 15, 2012, this amended complaint does not

2

aver that the Unauthorized Copying includes (i) making such copies of a copyrighted work for submission to the PTO as may be required by the rules and regulations of the PTO, (ii) transmitting such copies to the PTO, or (iii) making an archival copy of that work transmitted to the PTO for defendants' internal file to document what has been transmitted.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

3. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## Parties

4. Plaintiff John Wiley & Sons, Ltd. is a United Kingdom corporation with its principal place of business in Chichester, England.

5. AIP is a New York not-for-profit corporation with its principal place of business in Melville, New York.

6. Upon information and belief, McDonnell is a law firm with its principal place of business in Chicago, Illinois.

7. Defendants John Doe Nos. 1-10 are partners, associates or other employees of McDonnell, whose identities are not currently known to plaintiffs.

## The Business of Plaintiffs

8. Plaintiffs publish many of the world's leading scientific, technology and medical journals.

9. Plaintiffs' journals consist primarily of peer-reviewed articles, written by one or more scholars, often based upon original research.

10. Plaintiffs invest heavily in publishing their journals. Plaintiffs incur substantial costs for copyediting, proofreading, typesetting, printing, binding, distributing and marketing their journals, as well as administering the peer-review process that is integral to the publication of those works, and the progress of science.

11. Each plaintiff ordinarily requires its authors to assign or exclusively license to it the copyright in each article accepted for publication in one of its journals. This practice enables each plaintiff to maximize the dissemination of each work. Plaintiffs routinely register their copyrights in their journals published in the United States.

12. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted journals both through (a) subscriptions to, and the sale of individual issues of, those journals, and (b) licensing the rights that the copyright law provides with respect to the content of those journals. Consistent with the purpose of Article 1, Section 8, Clause 8, of the Constitution of the United States, this revenue provides an incentive for creative expression. Plaintiffs would suffer serious financial injury if the copyrights in those journals were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving journals. This would adversely impact the creation of new works, scholarly endeavor and, ultimately, scientific progress.

### The Unauthorized Copying by Defendants

13. McDonnell is engaged in the practice of law. On its website, McDonnell states "we know high-technology industries, and we know the law. We work with our clients to provide them with the benefit of our extensive knowledge and experience, so that they can rest assured that their technology assets are protected." Among other things, McDonnell holds itself out as practicing "intellectual property law," which includes copyright law.

14. Upon information and belief, McDonnell has engaged in Unauthorized Copying with respect to copyrighted articles from plaintiffs' journals, including but not limited to the articles identified on Schedule A. Plaintiffs cannot know the full extent of defendants' Unauthorized Copying without discovery.

15. This Unauthorized Copying is for the commercial benefit of defendants and their clients.

### CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

16. Plaintiffs repeat the averments contained in paragraphs 1 through 15 as if set forth in full.

17. Plaintiffs either own the copyrights in the articles contained in the journals they publish or, alternatively, exclusively license those copyrights ("Plaintiffs' Copyrights").

18. Defendants have infringed certain of the Plaintiffs' Copyrights, including, but not limited to, the registered copyrights in the articles listed on Schedule A by engaging in Unauthorized Copying.

5

19. This Unauthorized Copying for the for-profit business purposes of defendants is not privileged under the law.

20. Defendants are conducting research for the profit of themselves and their clients and are engaging in Unauthorized Copying of Plaintiffs' Copyrights as part of that profit-making activity without due compensation to plaintiffs. Upon information and belief, McDonnell has charged its clients for its Unauthorized Copying, and thereby made a direct profit as a result of its infringement.

21. The Unauthorized Copying has involved the copying and/or distribution of the copyrighted articles in their entirety.

22. Plaintiffs publish, sell and distribute journals, and license the copyrighted content contained in them, for precisely these types of use. Plaintiffs are ready, willing and able to provide defendants with licenses for their use either directly, or through their licensing agents. Nevertheless, defendants have not acquired any of the licenses necessary to make their Unauthorized Copying lawful.

23. The Unauthorized Copying complained of herein has irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for the injury resulting from this Unauthorized Copying. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, attorneys, and all persons acting in concert with them, from engaging in Unauthorized Copying.

24. Defendants have willfully infringed the Plaintiffs' Copyrights.

25. Plaintiffs are entitled to recover damages sustained as a result of defendants' Unauthorized Copying, including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively, at plaintiffs' election, (3) statutory damages.

WHEREFORE, plaintiffs respectfully request that this Court enter judgment:

A. Preliminarily and permanently enjoining defendants, their agents, servants, employees, attorneys, and all those acting in concert with them, from engaging in Unauthorized Copying;

B. Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' Unauthorized Copying;

C. Awarding plaintiffs their costs and reasonable attorneys' fees in this action; and

D. Awarding plaintiffs such other and further relief as the Court deems just and proper.

Dated: July 13, 2012

Respectfully submitted,

/s/ Annette M. McGarry
Annette M. McGarry (#6205751)
amm@mcgarryllc.com
Marianne C. Holzhall (#6204057)
mch@mcgarryllc.com
McGarry & McGarry, LLC
120 North LaSalle Street, Suite 1100
Chicago, IL 60602
(312) 345-4600

7

/s/ William Dunnegan
William Dunnegan (*Pro Hac Vice*)
Laura Scileppi (*Pro Hac Vice*)
Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Attorneys for Plaintiffs

## Schedule A

<u>John Wiley & Sons, Ltd.</u>

Raznikov, V., et al., "A new approach to data reduction and evaluation in high-resolution time-of-flight mass spectrometry using a time-to-digital convertor data-recording system," Rapid Communications in Mass Spectrometry, vol. 15, No. 8, pp. 570-578 (2001) that is a subject of U.S. Certificate of Copyright Registration No. TX 5-338-941, registered on May 14, 2001.

<u>American Institute of Physics</u>

Erchak, A., et al., "Enhanced coupling to vertical radiation using a two-dimensional photonic crystal in a semiconductor light-emitting diode," Applied Physics Letters, vol. 78, No. 5, pp. 563-565 (2001) that is a subject of U.S. Certificate of Copyright Registration No. TX 5-308-834, registered on January 26, 2001.

## Certificate of Service

Plaintiffs' First Amended Complaint was served upon all counsel of record, by ECF on July 13, 2012.

s/ Annette M. McGarry