**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHN WILEY & SONS, LTD., AND AMERICAN INSTITUTE OF PHYSICS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| -against- | ) ) | 12 C 1446 |
| MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, AND JOHN DOE NOS. 1-10, | ) ) ) ) | Judge Norgle |
| Defendants, | ) ) | |
| -and- | ) ) | |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE, | ) ) ) | |
| Intervening Defendant and Counterclaim Plaintiff. | ) ) | |

**PLAINITFFS' ANSWER TO THE COUNTERCLAIM
CONTAINED IN THE ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIM**

Plaintiffs John Wiley & Sons, Ltd. and American Institute of Physics (collectively the "Publishers"), in response to the counterclaim of intervening defendant and counterclaim plaintiff The United States Patent and Trademark Office alleges:

1. Counterclaim plaintiff is the United States Patent and Trademark Office ("USPTO").

<u>Response</u>: Admit the allegation in paragraph 1 of the counterclaim.

2. On information and belief derived from the allegations in the Complaint in this matter, counterclaim defendant American Institute of Physics is a New York not-for-profit corporation with its principal place of business in Melville, NY.

<u>Response</u>: Admit the allegations in paragraph 2 of the counterclaim.

3. On information and belief derived from the allegations in the Complaint in this matter, counterclaim defendant John Wiley & Sons, Ltd., is a United Kingdom corporation with its principal place of business in Chichester, England.

<u>Response</u>: Admit the allegations in paragraph 3 of the counterclaim.

4. This is a counterclaim for a declaratory judgment pursuant to the Declaratory Judgment Act. Subject matter jurisdiction over this counterclaim is based upon 28 U.S.C. §§ 1331, 1338, 1345, and 2201(a).

<u>Response</u>: Admit the allegations in the first sentence of paragraph 4 of the counterclaim and denies the allegations in the second sentence of paragraph 4 of the counterclaim.

5. Personal jurisdiction and venue are proper in this judicial district under 28 U.S.C. §§ 1391, 1400, and 1402.

<u>Response</u>: Admit the allegations in paragraph 5 of the counterclaim.

6. Article I, Section 8 of the United States Constitution provides, in pertinent part, that "Congress shall have the Power . . . To promote the Progress of Science and the useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.

<u>Response</u>: State that this is not an allegation that requires a response, but, to the extent that a response is required, admit the allegations in paragraph 6 of the counterclaim.

7. Pursuant to this constitutional grant of authority, Congress enacted the Patent Act, 35 U.S.C. § 100 *et seq.*

<u>Response</u>: State that this is not an allegation that requires a response, but, to the extent that a response is required, admit the allegations in paragraph 7 of the counterclaim.

8. Section 101 of the Patent Act provides that "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefore, subject to the conditions and requirements of this title."

<u>Response</u>: State that this is not an allegation that requires a response, but, to the extent that a response is required, admit the allegations in paragraph 8 of the counterclaim.

9. Section 102 of the Patent Act further provides that "A person *shall* be entitled to a patent *unless*—(a) the invention was known or used by others in this country, or patented *or described in a printed publication* in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was patented *or described in a printed publication* in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . ." (Emphases added).

<u>Response</u>: State that this is not an allegation that requires a response, but, to the extent that a response is required, admit the allegations in paragraph 9 of the counterclaim.

10. Section 103(a) of the Patent Act further provides that "A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the *prior art* are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." (emphasis added).

<u>Response</u>: State that this is not an allegation that requires a response, but, to the extent that a response is required, admit the allegations in paragraph 10 of the counterclaim.

11. Pursuant to the authority granted it in 35 U.S.C. § 2(b)(2), the USPTO promulgated regulations governing the conduct of proceedings before it. These regulations appear in Title 37 of the United States Code of Federal Regulations.

<u>Response</u>: Admit the allegations in paragraph 11 of the counterclaim.

12. In order for the USPTO to determine whether patent applications comply with the statutory directives in 35 U.S.C. §§ 102 and 103(a), the USPTO promulgated a regulation, set forth at 37 C.F.R. § 1.56, which imposes upon patent applicants a duty to disclose information material to patentability. This regulation provides, in pertinent part:

> (a) A patent by its very nature is affected with a public interest. *The public interest is best served*, and the most effective patent examination occurs when, at the time an application is being examined, *the Office is aware of*

*and evaluates the teachings of all information material to patentability*. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a *duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section*. . . . The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. . . . The Office encourages applicants to carefully examine:
. . . (2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office. (Emphases added)

Response: State that this is not an allegation that requires a response, but, to the extent that a response is required, admit the allegations in paragraph 12 of the counterclaim.

13. 37 C.F.R. § 1.51 encourages patent applicants to file "an information disclosure statement" (IDS) along with the application. The IDS lists all publications the applicant believes should be submitted for consideration in order to fulfill the duty of candor in § 1.56. Under 37 C.F.R. § 1.98, the applicant is required to include with the IDS a copy of each such publication listed in the IDS, along with a concise explanation of its relevance to the patentability of the alleged invention.

Response: Admit the allegations in the first sentence of paragraph 13 of the counterclaim. Deny the allegations in the second sentence of paragraph 13 of the counterclaim, as the applicant determines the content of the Information Disclosure Statement on a case-by-case basis. Deny the allegation in the third sentence of paragraph 13 of the counterclaim, as 37 U.S.C. § 1.98(a)(2)(ii) requires only that the applicant provide "[e]ach publication or that portion which caused it to be listed. . ."

14. To ensure that issued patents are enforceable only to the extent justified by the state of the prior art when they issued, 35 U.S.C. § 301 permits "any person" to submit potentially material prior art printed publications for inclusion in the patent file.

Response: Deny the allegations in paragraph 14 of the counterclaim,

4

except states that 35 U.S.C. § 301 provides:

> "Any person at any time may cite to the Office in writing prior art consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent. If the person explains in writing the pertinency and manner of applying such prior art to at least one claim of the patent, the citation of such prior art and the explanation thereof will become a part of the official file of the patent. At the written request of the person citing the prior art, his or her identity will be excluded from the patent file and kept confidential."

15. To further the effectiveness of the USPTO's ability to determine the merit of patent applications, a newly enacted provision of the America Invents Act, which will be codified at 35 U.S.C. § 122(e) upon taking effect in September 2012, will permit any third party to submit to the USPTO printed publications "of potential relevance to the examination of the application."

<u>Response</u>: State that this is not an allegation that requires a response, but, to the extent that a response is required, deny knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the counterclaim, and therefore deny them.

16. To the same effect, 37 C.F.R. § 1.99 also permits members of the public to submit publications relevant to a pending published patent application.

<u>Response</u>: Deny the allegations in paragraph 16 of the counterclaim, except state that 37 C.F.R. § 1.99 provides in part:

> "(a) A submission by a member of the public of patents or publications relevant to a pending published application may be entered in the application file if the submission complies with the requirements of this section and the application is still pending when the submission and application file are brought before the examiner."

17. In addition to facilitating the applicant's fulfillment of the duty of candor, submission of relevant publications also facilitates the USPTO patent examiner's obligation, set forth in 37 C.F.R. § 1.104, to "make a thorough examination of the available prior art relating to the subject matter of the claimed invention."

<u>Response</u>: Admit the allegations in paragraph 17 of the counterclaim.

18. All of these statutory enactments and duly promulgated regulations exist to faithfully implement the Constitution's directive to Congress "[t]o promote the

5

Progress of Science and the useful Arts" by ensuring that inventors have exclusive, limited-in-time rights in their discoveries.

<u>Response</u>: Deny the allegations in paragraph 18 of the counterclaim.

19. When a patent attorney, in the course of representing a patent applicant, submits a copy or copies of a "printed publication" (for purposes of permitting the patent examiner to evaluate patentability under 35 U.S.C. § 102) or a publication in the "prior art" (for purposes of permitting the patent examiner to evaluate patentability under 35 U.S.C. § 103(a)) by submitting it in an IDS or at another time during the patent examination process, the patent attorney is doing so because of the requirements of the United States Code, the United States Code of Federal Regulations, and his or her oath of office as a member of the bar of the USPTO.

<u>Response</u>: Deny the allegations in paragraph 19 of the counterclaim.

20. While the issuance of a U.S. Patent may or may not, depending on the desire of the inventor or the inventor's assignee, present the holder with the ability to seek a profit through enforcement of the patent, it primarily and more directly serves a Constitutionally enshrined example of the public interest in "promot[ing] the Progress of Science and the useful Arts."

<u>Response</u>: Deny the allegations in paragraph 20 of the counterclaim

and state that patent applicants generally seek to profit from the issuance of a patent.

21. Copyrighted printed publications are submitted to and reviewed by the USPTO for the purpose of permitting the USPTO to compare the alleged invention with the state of the existing art at the time of the alleged invention in order to determine whether a patent applicant has invented or discovered something "new and useful" as required by statute, and not to publicize or take credit for the author's research or hypothesis.

<u>Response</u>: Deny the allegations in paragraph 21 of the counterclaim,

except admit that a significant purpose of the PTO in reviewing copyrighted printed

publications is to determine the state of the art at the time of the alleged invention.

22. The copyrighted printed publications submitted to the USPTO in the discharge of the above-described obligations thus are submitted solely for their ideas and factual content, and not for any expressive content.

<u>Response</u>: Deny the allegations in paragraph 22 of the counterclaim.

23. The USPTO's assessment of material and potentially relevant prior art printed publications has been part of the patent examination process since the Patent

6

Act of 1836 conditioned the granting of patents only if the alleged invention was not previously "described in any printed publication." Yet the USPTO is unaware of the filing of any lawsuit challenging the copying and submission of copyrighted NPL prior to this year.

<u>Response</u>: Deny knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 of the counterclaim, and therefore deny them.

24. The copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant McDonnell, constitutes a fair use of such copyrighted works under 17 U.S.C. § 107, and therefore is not an infringement of copyright.

<u>Response</u>: Deny the allegations in paragraph 24 of the counterclaim.

## A First Affirmative Defense

25. The Court lacks subject matter jurisdiction over the counterclaim in this action. The Court lacks subject matter jurisdiction over the counterclaim under Article III of the United States Constitution because there is no case or controversy between the plaintiffs and the PTO. The Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because the USPTO is not asserting a right under federal law. The Court lacks subject matter jurisdiction under 28 U.S.C. § 1345 because the USPTO did not commence this action. The Court lacks subject matter jurisdiction under 28 U.S.C. § 2201(a) because that section does not provide an independent basis for federal subject matter jurisdiction.

## A Second Affirmative Defense

26. The PTO lacks both statutory and non-statutory authority to maintain this action.

### A Third Affirmative Defense

27. The PTO lacks standing, as a constitutional matter, to assert the counterclaim because the PTO has not suffered, and has not alleged that it has suffered, any injury in fact that is actual or imminent and because there is no causal connection between the alleged injury and the conduct of which it complains. 28. The USPTO further lacks standing, as a prudential matter, because it cannot assert the rights of defendants in this action, and because it is not in the zone of interests protected by the applicable statutes and regulations.

### A Fourth Affirmative Defense

28. The counterclaim is based upon regulations that, if interpreted in the manner described in the counterclaim, exceed the authority of the PTO under 35 U.S.C. § 2(b)(2).

### A Fifth Affirmative Defense

29. The counterclaim is substantially moot because The Publishers' proposed amended complaint does not assert a claim for relief based upon defendants' (i) making such copies of a copyrighted work for submission to the USPTO as may be required by the rules and regulations of the USPTO, (ii) transmitting such copies to the PTO, or (iii) making an archival copy of that work transmitted to the USPTO for defendants' internal file to document what has been transmitted.

### A Sixth Affirmative Defense

30. A declaratory judgment adjudicating future rights under 17 U.S.C. § 107, especially among persons who are not parties to this action, is not appropriate.

WHEREFORE, plaintiffs respectfully request that the Court

      a.      Grant the Publishers the relief sought in the complaint;

      b.      Dismiss the counterclaim with prejudice; and

      c.      Grant such other an further relief as to this Court may seem just and proper.

Dated: August 17, 2012

          Respectfully submitted,

          <u>/s/ Annette M. McGarry</u>
          Annette M. McGarry (#6205751)
          amm@mcgarryllc.com
          Marianne C. Holzhall (#6204057)
          mch@mcgarryllc.com
          McGarry & McGarry, LLC
          120 North LaSalle Street, Suite 1100
          Chicago, IL 60602
          (312) 345-4600

          <u>/s/ William Dunnegan</u>
          William Dunnegan (*Pro Hac Vice*)
          Laura Scileppi (*Pro Hac Vice*)
          Dunnegan & Scileppi LLC
          350 Fifth Avenue
          New York, New York 10118
          (212) 332-8300

          Attorneys for Plaintiffs