**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHN WILEY & SONS, LTD.,<br>AMERICAN INSTITUTE OF PHYSICS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -against- | ) | 12 C 1446 |
| | ) | |
| MCDONNELL BOEHNEN HULBERT<br>& BERGHOFF LLP, AND JOHN DOE<br>NOS. 1-10, | ) | Judge Charles R. Norgle |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE UNITED STATES PATENT AND<br>TRADEMARK OFFICE, | ) | |
| | ) | |
| Intervening Defendant and<br>Counterclaim Plaintiff. | ) | |

PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule 56.1 of the Civil Rules of this Court, plaintiffs John Wiley & Son, Ltd. and American Institute of Physics (the "Publishers") respectfully submit that there is no genuine dispute as to the following material facts.

1.      The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the Publishers are asserting a claim under the Copyright Act, 17 U.S.C. § 101 et seq.

2.      John Wiley & Son, Ltd. is a United Kingdom corporation engaged in the business of publishing.

3.      American Institute of Physics is a New York corporation engaged in the business of publishing.

4.     Defendant McDonnell Boehnen Hulbert & Berghoff LLP ("McDonnell") is a partnership engaged in the business of practicing law, including patent law.

Availability of a Laches Affirmative Defense in a Copyright Infringement Action

5.     The Publishers commenced this action by filing a summons and complaint on February 29, 2012, asserting a single claim for copyright infringement. (Dkt. No. 1)

6.     filed an answer to the complaint on April 19, 2012. (Dkt. No. 21)

7.     The Publishers filed an amended complaint on July 13, 2012, again asserting a single claim against defendants for copyright infringement. (Dkt. No. 34)

8.     McDonnell filed an answer to the amended complaint on July 27, 2012. (Dkt. No. 35)

9.     The fifth affirmative defense of McDonnell in its answer to the complaint and its answer to the amended complaint provides:  "Plaintiffs' claims are barred, in whole or in part, by the equitable defense of laches." (Dkt. Nos. 21 and 34)

Lack of Prejudice Resulting from Reliance Upon Delay

10.     McDonnell did not sustain any prejudice resulting from reliance upon any delay of the Publishers in commencing this action.  (McGarry Dec. Ex. A and B)

11.     On May 25, 2012, the Publishers served the following interrogatory:

"INTERROGATORY NO. 6:

Describe in detail the facts supporting your fifth affirmative defense [of laches] set forth in your answer in this action dated April 19, 2012."

(McGarry Dec. Ex. A)    In its definitions for the interrogatories, the Publishers stated

"'Describe in detail' means to set forth with the level of detail that you would rely upon at

the trial of this action."  (McGarry Dec. ¶ 2)

12.    On July 16, 2012, McDonnell served its answer to that
interrogatory, stating;

"RESPONSE:

MBHB objects to this Interrogatory as overly broad and unduly
burdensome to the extent it lacks any parameters or limits on the scope of
the information it seeks. MBHB further objects to this Interrogatory as
seeking information protected by attorney-client privilege and/or work
product immunity.

Subject to its specific and general objections, MBHB responds that a
three-year statute of limitations exists to bring a copyright infringement
claim. *See* 17 U.S.C. § 507(b). This three year statute of limitations 'is
tolled until the plaintiff learned or by reasonable diligence could have
learned that he had a cause of action.' Taylor v. Meirick, 712 F.2d 1112,
1117 (7th Cir. 1983). As detailed above in response to Interrogatory No. 2,
which is incorporated herein by reference, on February 1, 2008, Mr.
Fairhall submitted a copy of the Erchak Article to the USPTO in
conjunction with an information disclosure statement for U.S. Patent
Application Serial No. 11/986,156. On November 13, 2008, the USPTO
issued the Notice of Publication for this patent application, which stated
that the application would be published on November 13, 2008. After this
Notice was issued, the application—including the February 4, 2008,
information disclosure statement—became accessible by the public.
Therefore, on or after November 13, 2008, Plaintiff American Institute of
Physics ("AIP") could have learned of its copyright infringement claim
against MBHB related to this submission through a reasonable search of
the USPTO's database of patent applications. Yet AIP waited until
February 29, 2012, to bring its copyright infringement claim against
MBHB. Because the filing of the Complaint occurred well after the three-
year statute of limitations had run to bring a copyright infringement claim
against MBHB relating to the February 1, 2008, submission of the Erchak
Article by Mr. Fairhall to the USPTO, such a claim is barred by laches."
(Emphasis added.)

(McGarry Dec. Ex. A)

3

13.   On October 12, 2012, McDonnell served the following supplemental answer to this same interrogatory.

"Subject to its specific and general objections, MBHB responds that laches is an equitable defense which bars a plaintiff from asserting a claim when an unreasonable delay in doing so has prejudiced the defendant. Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 821 (7th Cir. 1999). A defendant may prove that the plaintiff knew or should have known of its claim through either actual or constructive knowledge. Constructive knowledge is knowledge the plaintiff —might have obtained upon inquiry, provided the facts already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry. Monotype Imaging, Inc. v. Bitstream, Inc., No. 03C4349, 2005 WL 936882, at *9 (N.D. Ill. April 21, 2005). Further, laches is an affirmative defense to a series of related infringements, and need not be proven as to each act of alleged infringement. See A.C. Aukerman Co. v. Miller Formless Co., 693 F.2d 697, 700 n.4 (7th Cir. 1982); see also A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1031 (Fed. Cir. 1992).

Applying laches to Plaintiffs' claims in this case, for decades 37 C.F.R. § 1.56 has required that a patent applicant or any party prosecuting a patent application on behalf of the applicant submit to the USPTO a copy of any non-patent literature considered material to the patentability of an invention claimed in a patent application. See Revision of Patent Practice, 49 12 Fed. Reg. 548-01; 1984 WL 123356 (1984) (codified at 37 C.F.R. pt. 1). Accordingly, in conjunction with any patent application it prosecutes, MBHB (and all other entities prosecuting patent applications) must file with the USPTO an information disclosure statement and prior art that could be material to the patentability of the claimed invention. See 37 C.F.R. §§ 1.56, 1.97, 1.98. This disclosure includes any copyrighted scientific journal articles published prior to the invention date of the invention claimed in a patent application.

As such, submitting non-patent literature prior art to the USPTO is a standard practice for patent prosecution attorneys in general, and MBHB is particular. In fact, this requirement predates MBHB's 1996 formation as a law firm. Plaintiffs have known or reasonably should have known for decades, if not longer, that law firms have engaged in the type of conduct relied upon by Plaintiffs in filing this claim. In addition, Plaintiffs have known or reasonably should have known since 1996 that MBHB has engaged in the type of conduct relied upon by Plaintiffs in filing this claim. Yet Plaintiffs waited until February 29, 2012, to file their infringement claims against MBHB. This constitutes an unreasonable delay which has prejudiced MBHB because MBHB has developed its lawful patent prosecution practice based on the understanding and belief that its uses of

4

non-patent literature scientific journal articles done in conjunction with prosecuting patent applications are noninfringing uses.

MBHB further answers that a three-year statute of limitations exists to bring a copyright infringement claim. *See* 17 U.S.C. § 507(b). This three-year statute of limitations is tolled until the plaintiff learned or by reasonable diligence could have learned that he had a cause of action. Taylor v. Meirick, 712 F.2d 1112, 1117 (7th Cir. 1983). As detailed above in response to Interrogatory No. 2, which is incorporated herein by reference, on February 1, 2008, Mr. Fairhall submitted a copy of the Erchak Article to the USPTO in conjunction with an information disclosure statement for U.S. Patent Application Serial No. 11/986,156. On November 13, 2008, the USPTO issued the Notice of Publication for this patent application, which stated that the application would be published on November 13, 2008. After this Notice was issued, the application—including the February 4, 2008, information disclosure statement—became accessible by the public. Therefore, on or after November 13, 2008, Plaintiff American Institute of Physics ('AIP') could have learned of its copyright infringement claim against MBHB related to this submission through a reasonable search of the USPTO's database of patent applications. Yet AIP waited until February 29, 2012, to bring its copyright infringement claim against MBHB. Because the filing of the Complaint occurred well after the three-year statute of limitations had run to bring a copyright infringement claim against MBHB relating to the February 1, 2008, submission of the Erchak Article by Mr. Fairhall to the USPTO, such a claim is barred by laches.

Similarly, Mr. Machonkin submitted a paper copy of the Erchak Article to the USPTO in conjunction with an information disclosure statement dated October 26, 2006, for U.S. Patent Application Serial No. 10/946,747. The Notice of Publication for this patent application issued on March 31, 2006; this Notice cited a March 23, 2006, publication date for this application. Therefore, Mr. Machonkin's October 26, 2006, submission of the Erchak Article was available to the public on or after the date of this submission. Again, AIP could have learned of its copyright infringement claim against MBHB related to this submission through a reasonable search of the USPTO's database of patent applications on or after October 26, 2006. Yet again AIP waited until February 29, 2012, to bring its copyright infringement claim against MBHB. As such, because the filing of the Complaint occurred well after the three-year statute of limitations had run to bring a copyright infringement claim against MBHB relating to the October 26, 2006, submission of the Erchak Article by Mr. Machonkin to the USPTO, such a claim is barred by laches.

Likewise  Mr. Fairhall submitted a paper copy of the Raznikov Article to the USPTO in conjunction with an information disclosure statement dated

October 30, 2008, for U.S. Patent Application Serial No. 10/887,138. The USPTO issued a Notice of Publication for this patent application issued in December 2005; this Notice cited a December 1, 2005, publication date for this application. Therefore, Mr. Fairhall's October 30, 2008, submission of the Raznikov Article was available to the public on or after the date of this submission. On or after October 30, 2008, Plaintiff John Wiley & Sons, Ltd. (Wiley) could have learned of its copyright infringement claim against MBHB related to this submission through a reasonable search of the USPTO's database of patent applications. Yet Wiley waited until February 29, 2012, to bring its copyright infringement claim against MBHB. Because the filing of the Complaint occurred well after the three-year statute of limitations had run to bring a copyright infringement claim against MBHB relating to the October 30, 2008, submission of the Raznikov Article by Mr. Fairhall to the USPTO, such a claim is barred by laches."

(McGarry Dec. Ex. B)

      14.    The ninth affirmative defense of McDonnell set forth in its answer to the amended complaint provides: "Plaintiffs' claims are barred, in whole or in part, because of the applicable statute of limitations." (Dkt. No. 34)

Dated:  October 16, 2012

Respectfully submitted,

/s/ Annette M. McGarry
Annette M. McGarry (#6205751)
amm@mcgarryllc.com
Marianne C. Holzhall (#6204057)
mch@mcgarryllc.com
McGarry & McGarry, LLC
120 North LaSalle Street, Suite 1100
Chicago, IL 60602
(312) 345-4600

/s/ William Dunnegan
William Dunnegan (*Pro Hac Vice*)
Laura Scileppi (*Pro Hac Vice*)
Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, New York 10118
(212) 332-8300