**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHN WILEY & SONS, LTD., <br> AMERICAN INSTITUTE OF PHYSICS, <br><br> Plaintiffs, <br><br> -against- <br><br> MCDONNELL BOEHNEN HULBERT <br> & BERGHOFF LLP, AND JOHN DOE <br> NOS. 1-10, <br><br> Defendants, <br><br> and <br><br> THE UNITED STATES PATENT AND <br> TRADEMARK OFFICE, <br><br> Intervening Defendant and <br> Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 12 C 1446 <br><br> Judge Charles R. Norgle |

PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT
OF ADDITIONAL UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois and Rule 56 of the Federal Rules of Civil Procedure, plaintiffs John Wiley & Sons, Ltd. and American Institute of Physics (collectively the "Publishers") respectfully respond to the statement of additional undisputed material facts of defendant McDonnell Boehnen Hulbert & Berghoff LLP ("McDonnell" or "MBHB") as follows.

Many of McDonnell's statements of additional facts are not material to the Publishers' motion, and by responding to those statements, the Publishers do not concede the materiality of them.

1. MBHB has existed as a law firm since 1996. (M. Thymian Decl. ¶ 2, filed concurrently herewith.)

Response: Admit.

2. Throughout its existence, MBHB's law practice has been devoted to intellectual property matters, including patent litigation, prosecuting patent applications, and general intellectual property counseling. (M. Thymian Decl. at ¶ 2.)

Response: Admit.

3. MBHB has never conducted scientific, technical, or medical research. (M. Thymian Decl. at ¶ 2.)

Response: Denied. While McDonnell may not have conducted empirical research, it has conducted literature research in these areas. (M. Thymian Decl. at ¶ 5)

4. Federal rules and regulations require MBHB in conjunction with prosecuting patent applications to file with the United States Patent and Trademark Office ("PTO") copies of all known, noncumulative prior art that could be material to the patentability of the claimed invention. (M. Thymian Decl. at ¶ 3; 37 C.F.R. § 1.56(a), attached as Exhibit A to B. Irwin Decl., filed concurrently herewith.)

Response: Admit.

5. 37 C.F.R. § 1.56(a) reads: "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section." (37 C.F.R. § 1.56(a).)

Response: Admit.

6. The requirement to file with the PTO copies of material prior art in conjunction with prosecuting patent applications has been in effect since 1984. (Revision of Patent Practice, Wednesday, January 4, 1984, attached as Exhibit B to B. Irwin Decl.)

Response: Admit.

7. 37 C.F.R. § 1.98 states that an information disclosure statement filed in conjunction with prosecuting a patent application shall include a legible copy of: "Each publication or that portion which caused it to be listed, other than U.S. patents and U.S. patent application publications unless required by the Office." (37 C.F.R. § 1.98(a)(2)(ii), attached as Exhibit A to B. Irwin Decl.)

Response: Admit.

8. MBHB has developed its patent prosecution practice based on the understanding and belief that its uses of non-patent literature scientific journal articles done in conjunction with prosecuting patent applications are noninfringing uses of the articles. (M. Thymian Decl. at ¶ 4.)

Response: Object. The declaration cited does not contain a sufficient foundation to demonstrate that Mr. Thymian has personal knowledge of these practices. While McDonnell developed or started to develop its business practices in 1996 (M. Thymian Decl. at ¶¶ 2, 3 and 4.), Mr. Thymian was not admitted to the bar until 1998. http://www.martindale.com/Marcus-J-Thymian/907050-lawyer.htm (last visited November 26, 2012).

9. Plaintiffs' Complaint filed February 29, 2012, states, "[i]n connection with researching, filing and prosecuting certain patent applications, McDonnell made and/or distributed to the United States Patent and Trademark office ("PTO"), and perhaps others, unauthorized copies of copyrighted articles form [sic] plaintiffs' journals." (Compl. at ¶ 14, D.E. 1.)

Response: Admit, except that the Publishers state that the quoted sentence omits the words "including but not limited to those identified on Schedule A.".

10. Plaintiffs' Amended Complaint states, "this amended complaint does not aver that the Unauthorized Copying includes (i) making such copies of a copyrighted work for submission to the PTO as may be required by the rules and regulations of the PTO, (ii) transmitting such copies to the PTO, or (iii) making an archival copy of that work transmitted to the PTO for defendants' internal file to document what has been transmitted." (Am. Compl. at ¶ 1, D.E. 34.)

Response: Admit.

11. In their Amended Complaint, Plaintiffs state "unauthorized copying and/or distribution of Plaintiffs' copyrighted works by a law firm, and its professionals, in

3

connection with their scientific, technical and medical research on behalf of themselves and their clients, so that both may reap a profit." (Am. Compl. at ¶ 1, D.E. 34.)

      <u>Response</u>:   Admit.

      12.   In their Amended Complaint, Plaintiffs state, "Upon information and belief, McDonnell has engaged in Unauthorized Copying with respect to copyrighted articles from plaintiffs' journals, including but not limited to the articles identified on Schedule A." (Am. Compl. at ¶ 14, D.E. 34.)

      <u>Response</u>:   Admit.

      13.   In their memorandum in support of their motion for summary judgment on MBHB's laches affirmative defense, Plaintiffs state that MBHB has infringed their copyrights of two journal articles "by making internal copies of those articles in connection with McDonnell's for-profit patent practice. . . . The internal copying has occurred throughout McDonnell's patent law practice, and is not limited to McDonnell's patent prosecution practice." (Mem. Supp. Pls.' Mot. Summ. J. at 1–2, D.E. 42.)

      <u>Response</u>:   Admit.

      14.   MBHB has sought discovery from Plaintiffs related to MBHB's laches affirmative defense. (B. Irwin Decl. at ¶ 6; MBHB's First Set of Interrogs. to Pl. John Wiley & Sons, Ltd., Interrogs. Nos. 2 and 3, attached as Exhibit E to B. Irwin Decl.; MBHB's First Set of Interrogs. to Pl. American Institute of Physics, Interrogs. Nos. 2 and 3, attached as Exhibit F to B. Irwin Decl.)

      <u>Response</u>:   Admit.

      15.   Plaintiffs have objected to MBHB's discovery requests related to MBHB's laches affirmative defense on relevancy grounds. (B. Irwin Decl. at ¶ 6; Pl. John Wiley & Sons, Ltd.'s Supp. Interrog. Responses, attached as Exhibit C to B. Irwin Decl.; Pl. American Institute of Physics' Supp. Interrog. Responses, attached as Exhibit D to B. Irwin Decl.)

      <u>Response</u>:   Admit.

      16.   MBHB has sought discovery from Plaintiffs related to its estoppel and fair use affirmative defenses, but because discovery is in its early stages and Plaintiffs have objected to many of these requests, MBHB has not yet obtained its requested discovery. (B. Irwin Decl. ¶¶ 4–6.)

      <u>Response</u>:   Admit.

17. As of November 8, 2012, the only documents produced in this case have been 18 pages of documents from Plaintiffs relating to their alleged ownership of the copyrights to the Raznikov and Erchak Articles, and no depositions have taken place. (B. Irwin Decl. at ¶ 7.)

Response: Admit.

18. In MBHB's initial set of interrogatories to John Wiley & Sons, Ltd. ("Wiley"), Interrogatory No. 1 stated: "State John Wiley's complete bases for its copyright infringement claim against MBHB. In Your response, identify all supporting facts or observations, all supporting documents or items of evidence, and all individuals with knowledge of any supporting facts or observations. For each and every such fact, observation, document, and item of evidence, set forth the method or manner by which You obtained knowledge of this information, setting forth names, dates, times, places, and any other details that relate to the manner in which You obtained such knowledge." (MBHB's First Set of Interrogs. to Pl. John Wiley & Sons, Ltd., Interrog. No. 1, attached as Exhibit E to B. Irwin Decl.)

Response: Admit.

19. MBHB served the same interrogatory as that set forth in the previous paragraph on Plaintiff American Institute of Physics ("AIP"), but directed to AIP. (MBHB's First Set of Interrogs. to Pl. American Institute of Physics, Interrog. No. 1, attached as Exhibit F to B. Irwin Decl.)

Response: Admit.

20. In its supplemental response to Interrogatory No. 1 in MBHB's First Set of Interrogatories, Wiley stated (in part), "McDonnell thereafter submitted copies of the Raznikov Article in connection with at least two patent applications. McDonnell thereafter submitted copies of the Raznikov Article in connection with at least two patent applications. [sic] McDonnell has admitted that certain [of] its attorneys and/or employees made additional copies of the Raznikov Article." (Pl. John Wiley & Sons, Ltd.'s Supp. Interrog. Responses, Response to Interrog. No. 1, attached as Exhibit C to B. Irwin Decl.)

Response: Admit, except Wiley did not repeat the sentence "McDonnell thereafter submitted copies of the Raznikov Article in connection with at least two patent applications."

21. In its supplemental response to Interrogatory No. 1 in MBHB's First Set of Interrogatories, AIP stated (in part), "McDonnell thereafter submitted copies of the Erchak Article in connection with at least three patent applications. McDonnell thereafter

5

submitted copies of the Erchak Article in connection with at least three patent applications. [sic] McDonnell has admitted that certain of its attorneys and/or employees made additional copies of the Erchak Article." (Pl. American Institute of Physics' Supp. Interrog. Responses, Response to Interrog. No. 1, attached as Exhibit D to B. Irwin Decl.)

Response: Admit, except AIP did not repeat the sentence "McDonnell thereafter submitted copies of the Erchak Article in connection with at least three patent applications."

22. In response to Plaintiffs' interrogatory No. 6, MBHB stated, "Yet Plaintiffs waited until February 29, 2012, to file their infringement claims against MBHB. This constitutes an unreasonable delay which has prejudiced MBHB because MBHB has developed its lawful patent prosecution practice based on the understanding and belief that its uses of non-patent literature scientific journal articles done in conjunction with prosecuting patent applications are noninfringing uses." (Def. MBHB's Second Supp. Responses to Pls.' First Set of Interrogs., Response to Interrog. No. 6, attached as Exhibit G to B. Irwin Decl.)

Response: Admit that the quoted portion appears in MBHB's response to Plaintiff's interrogatory No. 6. Object to the substance of the interrogatory response as an unsupported conclusion of fact upon which the person verifying the interrogatory response had no personal knowledge.

23. Plaintiffs' delay in filing their copyright infringement claim has substantially prejudiced MBHB. (Def. MBHB's Second Supp. Responses to Pls.' First Set of Interrogs., Response to Interrog. No. 6, attached as Exhibit G. to B. Irwin Decl.; M. Thymian Decl. at ¶ 7.)

Response: Object. This is a conclusion of law and not a statement of fact.

24. MBHB has developed practices for using scientific journal articles while prosecuting patent applications with the understanding that these are non-infringing fair uses. (M. Thymian Decl. at ¶ 4.)

6

Response: Object. The declaration cited does not contain a sufficient foundation to demonstrate that Mr. Thymian has personal knowledge of these practices. While McDonnell developed or started to develop its business practices in 1996 (M. Thymian Decl. at ¶¶ 2, 3 and 4.), Mr. Thymian was not admitted to the bar until 1998. http://www.martindale.com/Marcus-J-Thymian/907050-lawyer.htm (last visited November 26, 2012).

25. If MBHB was required to alter fundamentally the well-established way it uses scientific journal articles in its practice, this could require additional training, implementation of new systems, and other alterations to their business which would consume both time and money. (M. Thymian Decl. at ¶ 7.)

Response: Object. The declaration cited does not contain a sufficient foundation to support its speculation or demonstrate that Mr. Thymian has personal knowledge of these practices. While McDonnell developed or started to develop its business practices in 1996 (M. Thymian Decl. at ¶ 2, 3 and 4.), Mr. Thymian was not admitted to the bar until 1998. http://www.martindale.com/Marcus-J-Thymian/907050-lawyer.htm (last visited November 26, 2012). The only effect of an adverse decision on McDonnell's future business practices would be the need to acquire a license to copy the copyrighted articles that it in fact copies. (M. Thymian Decl. at ¶ 8)

26. MBHB pled the following affirmative defenses in its answer to Plaintiffs' Amended Complaint: non-infringement, fair use, *Noerr-Pennington* immunity, non-public distribution and display, laches, estoppel, waiver, license, statute of limitations, first sale, copyright misuse, unclean hands, lack of actual damages, lack of statutory damages, and lack of willfulness. (Def.'s Answer Am. Compl. at 9–11, D.E. 36).

Response: Admit.

27. At the October 19, 2012, hearing on Plaintiffs' motion to compel, Plaintiffs' counsel stated, "We have asked them two sets of interrogatories." (Tr. of Oct. 19, 2012, Mot. Hr'g, at 5:14, attached as Exhibit H to B. Irwin Decl.)

7

<u>Response</u>: Admit.

28. Plaintiffs have served only a single set of interrogatories on MBHB. (B. Irwin Decl. at ¶ 8.)

<u>Response</u>: Admit. McDonnell supplied original and supplemental responses to interrogatories.

29. Plaintiffs seek equitable relief in this case, including an injunction, disgorgement of MBHB's profits, and costs and attorneys' fees. (Am. Compl. at 7, D.E. 34.)

<u>Response</u>: Denied. The amended complaint of the Publishers seeks actual, or alternatively statutory damages, and injunctive relief. If the Court determines that the affirmative defense of laches is relevant only to the Publishers' request for injunctive relief, the Publishers will withdraw their request for injunctive relief.

Dated: November 27, 2012

    Respectfully submitted,

    /s/ Marianne C. Holzhall
    Annette M. McGarry (#6205751)
    amm@mcgarryllc.com
    Marianne C. Holzhall (#6204057)
    mch@mcgarryllc.com
    McGarry & McGarry, LLC
    120 North LaSalle Street, Suite 1100
    Chicago, IL 60602
    (312) 345-4600

    /s/ William Dunnegan
    William Dunnegan (*Pro Hac Vice*)
    Laura Scileppi (*Pro Hac Vice*)
    Dunnegan & Scileppi LLC
    350 Fifth Avenue
    New York, New York 10118
    (212) 332-8300