**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN WILEY & SONS, LTD. AND AMERICAN INSTITUTE OF PHYSICS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 12-cv-01446<br>)<br>) Hon. Charles R. Norgle |
| MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, AND JOHN DOE NOS. 1-10, | )<br>) Magistrate Judge Arlander Keys<br>)<br>) **JURY TRIAL DEMANDED** |
| Defendants, | )<br>) |
| and | )<br>) |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE, | )<br>)<br>) |
| Intervening Defendant and Counterclaim Plaintiff. | )<br>) |

**DEFENDANT MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP'S
SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

This brief supplements the Response that Defendant McDonnell Boehnen Hulbert & Berghoff LLP filed on December 3, 2012 (D.E. 65), to Plaintiffs' Motion to Compel, by adding footnote No. 2, which appears on page 5.

Plaintiffs brought this case alleging that Defendant McDonnell Boehnen Hulbert & Berghoff LLP's ("MBHB") violated their copyrights in two scientific journal articles in submitting those articles to the United States Patent and Trademark Office ("PTO") pursuant to the PTO's requirement that patent attorneys disclose copies of certain prior art in prosecuting patent applications. Plaintiffs then amended their claims and withdrew allegations relating to "(i) making such copies of a copyrighted work for submission to the PTO as may be required by the rules and regulations of the PTO, (ii) transmitting such copies to the PTO, or (iii) making an

archival copy of that work transmitted to the PTO for defendants' internal file to document what has been transmitted." (Am. Compl., D.E. 34 at ¶ 1.) Yet, Plaintiffs insist that copies made related to those patent prosecution activities constitute copyright infringement. MBHB has provided a full and complete account of its actions related to the use of those Articles[1] in its patent prosecution practice. But this does not satisfy Plaintiffs.

Plaintiffs insist—without any basis to believe that MBHB has so used the Articles—that MBHB search for any possible use of the articles in other areas of its legal practice, such as counseling and litigation. MBHB objects to such a "fishing expedition," as **Plaintiffs have no basis** to assert that MBHB used the Articles outside of its prosecution practice. Furthermore, it is unreasonably burdensome in the context of this case to demand MBHB search for any possible use of these two Articles in any of the numerous other legal matters handled by the law firm. Even if such a search was proper discovery, the issue is what would constitute a **reasonable search**. In that regard, in an interest of resolving this dispute—and despite the fact that it believes no searching beyond any possible use in connection with patent prosecution is appropriate—MBHB offered to do a fairly extensive search into other areas of its practice. Plaintiffs, however, rejected MBHB's proposal out of hand, and declared, "Given the conference set for 12/5, we think we should to proceed with the motion."

Plaintiffs' pleadings, discovery requests, and even **their own admissions** make clear that this case is about MBHB's use of two Articles in conjunction with prosecuting patent

---

[1] Plaintiff John Wiley & Sons, Ltd. has accused MBHB of infringing Raznikov, V., *et al.*, "A new approach to data reduction and evaluation in high-resolution time-of-flight mass spectrometry using a time-to-digital convertor data-recording system," *Rapid Communications in Mass Spectrometry*, vol. 15, No. 8, pp. 570–78 (2001) (the "Raznikov Article"). Plaintiff American Institute of Physics has accused MBHB of infringing Erchak, A., *et al.*, "Enhanced coupling to vertical radiation using a two-dimensional photonic crystal in a semiconductor light-emitting diode," *Applied Physics Letters*, vol. 78, No. 5, pp. 563–65 (2001) (the "Erchak Article") (collectively, "Articles").

applications with the PTO. Plaintiffs, however, seem intent on conducting an overly broad and improper fishing expedition into MBHB's files. Notably, courts in the two nearly identical copyright infringement cases Plaintiffs have filed against law firms have denied Plaintiffs the type discovery they appear to seek from MBHB. As such, MBHB respectfully asks this Court to deny Plaintiffs' Motion to Compel, or in the alternative, to limit the scope of MBHB's additional search of its files to the search MBHB proposed to Plaintiffs.

**I.**     **Background**

The scope of Plaintiffs' copyright infringement claim against MBHB has been an elusive and moving target. In their initial Complaint filed February 29, 2012, Plaintiffs alleged that MBHB infringed their respective copyrights in two Articles in conjunction with the long-established and legally required practice of disclosing prior art to the PTO. Plaintiffs claimed that:

> [i]n connection with *researching, filing and prosecuting certain patent applications*, McDonnell made and/or distributed *to the United States Patent and Trademark Office ("PTO"), and perhaps others*, unauthorized copies of copyrighted articles from plaintiffs' journals . . . .

(Compl., D.E. 1 at ¶ 14 (emphasis added).)

MBHB's Answer included several affirmative defenses, including that the *Noerr-Pennington* doctrine bars Plaintiffs' claims as they relate to filing articles with the PTO. (Answer, D.E. 21 at 8–11.) Shortly thereafter, the Court granted the PTO's motion to intervene as a defendant and to bring its fair use declaratory judgment counterclaim. (Minute Order, D.E. 28.) In support of its motion to intervene, the PTO argued:

> If this Court grants the plaintiffs the relief they request . . . the result would likely cause significant delays in patent prosecution and significant negative impacts on the efficiency, quality, and cost effectiveness of the patent process. . . . The requested relief would have a significant adverse effect not just on patent prosecution, but also patent infringement litigation, which often involves disputes

3

over documents submitted (or not submitted) to the USPTO during patent prosecution.

(PTO's Mem. Supp. Mot. Intervene, D.E. 23 at 2–3.)

After MBHB's Answer and the PTO intervened in support of MBHB, Plaintiffs abruptly did an about-face in their Amended Complaint, filed on July 13, 2012. They dropped claims based on submitting copyrighted material to the PTO, making copies for submitting copyright material to the PTO, and making an archival copy to document submissions to the PTO:

> [T]his amended complaint does not aver that the Unauthorized Copying includes (i) making such copies of a copyrighted work for submission to the PTO as may be required by the rules and regulations of the PTO, (ii) transmitting such copies to the PTO, or (iii) making an archival copy of that work transmitted to the PTO for defendants' internal file to document what has been transmitted.

(Am. Compl., D.E. 34 at ¶ 1.) Instead, Plaintiffs asserted a claim based upon the allegation of:

> [U]nauthorized copying and/or distribution of plaintiffs' copyrighted works by a law firm, and its professionals, *in connection with their scientific, technical and medical research* on behalf of themselves and their clients, so that both may reap a profit . . . .

(*Id*. (emphasis added).) Of course, MBHB does not do "scientific, technical or medical research." Recognizing this fact in their pending motion for summary judgment on MBHB's laches affirmative defense, Plaintiffs—on mere unsupported speculation—state that MBHB has infringed their copyrights to the same two Articles:

> [B]y making internal copies of those articles in connection with McDonnell's for-profit patent practice. . . . The internal copying *has occurred . . . throughout McDonnell's patent law practice, and is not limited to McDonnell's patent prosecution practice*.

(Mem. Supp. Pls.' Mot. Summ. J., D.E. 42 at 1–2 (emphasis added).)

Plaintiffs, however, *have no basis to make this argument* about this alleged copying outside of prosecuting patent applications. In its initial set of interrogatories, MBHB inquired as to Plaintiffs' basis for alleging infringement. In their initial response—and in their supplemental

4

responses provided after meeting and conferring as to the completeness of Plaintiffs' response—Plaintiffs rest entirely on the fact that MBHB "submitted copies of the [Articles] in connection with . . . patent applications." (Pls.' John Wiley & Sons, Ltd.'s and American Institute of Physics' Supp. Interrog. Responses, Responses to Interrog. No. 1.) From that fact, Plaintiffs apparently presume that MBHB must have done additional copying and distribution of the Articles, not only in connection with the prosecution of the associated patents, but throughout MBHB's law practice. MBHB had refused discovery related to these other practices, and Plaintiffs have moved to compel on their interrogatories and document requests as they relate to these alleged other activities.[2] (Pls.' Mot. to Compel, D.E. 47.) In doing so, they speculate on a broad range of uses by MBHB of the two Articles, uses about which they have no knowledge or any reason to believe MBHB has done:

> (i) evaluating potential inventions that clients present, only to determine that they are not patentable, (ii) advising clients how to lawfully avoid infringement by designing around existing patents, (iii) assessing the validity of patents, for the purpose of allowing their clients to practice the subject matter of invalid patents, (iv) giving opinions as to whether an existing product infringes a patent, and (v) determining whether the client's interests would be best served by maintaining otherwise patentable subject matter as a trade secret.

---

[2] Plaintiffs' motion addresses two other issues to which MBHB objects. First, it moves to strike MBHB's objection that that term "describe in detail" is undefined, ambiguous, and vague. While Plaintiffs define "describe in detail" in their interrogatories as "to set forth with the level of detail that you would rely upon at the trial of this action," Plaintiffs' interrogatories seek evidence about claims on which ***they would have the burden of proof*** at trial. As such, because these are not activities about which MBHB would provide details at trial, this term is vague and ambiguous. Second, Plaintiffs improperly object to MBHB's attorney-client privilege and work product immunity objections to Plaintiffs' document requests. The documents Plaintiffs seek relate to MBHB filing and working on patent applications for its clients. To the extent MBHB copied or distributed the Articles in the course of communications with its clients, these communications and related documents would be protected by attorney-client privilege. MBHB is not at liberty to waive this privilege. Indeed, it has a duty to maintain this privilege on behalf of its clients. Likewise, to the extent Plaintiffs' requests seek information that details MBHB's patent prosecution work, they seek information protected as attorney work product. *See Elkay Mfg. Co. v. Ebco Mfg. Co.*, No. 93-cv-5106, 1995 WL 389822, at *2 (N.D. Ill. Feb. 15, 1995).

(*Id*. at 8.)

Discovery related to Plaintiffs' mere presumptions, however, would be an improper "fishing expedition"—a search for information outside of Plaintiffs' claims. The courts have recognized this in the nearly identical cases Plaintiffs are litigating against law firms in the Northern District of Texas and the District of Minnesota. Two weeks ago, the Texas court held a hearing in which it dismissed Plaintiffs' claim yet granted them leave to file an amended pleading. *See American Institute of Physics v. Winstead PC*, No. 3:12-cv-1230, Minute Entry, D.E. 43 (N.D. Tex. Nov. 20, 2012). The court addressed Plaintiffs' proposed amended claim relating to uses of journal articles outside of prosecuting patent applications, and appeared skeptical that Plaintiffs had a basis to make these claims:

> It's a ***fishing expedition of the worst kind***. You are just barely over the line, in my judgment, Mr. Dunnegan, just barely . . . . At the end of the day they may be claiming that you didn't have a good faith basis for this lawsuit, and I will consider such a motion if, as and when it will be filed.

(Nov. 20, 2012, Mot. Hr'g Tr. at 24:15–22, attached as Exhibit A (emphasis added).) The court allowed Plaintiffs limited discovery into the defendant law firm's patent prosecution practice:

> The plaintiff may conduct interrogatory discovery limited to the following. The plaintiff may inquire as to the number and location of photocopies of the articles that are listed in Schedule A *in connection with a particular patent prosecution*. In other words, the firm is not required to check each file of the firm and each lawyer of the firm to determine if any of these documents are in another file.

(*Id*. at 25:20–26:2 (emphasis added).)[3]

---

[3] The court in the Minnesota case, *American Institute of Physics v. Schwegman Lundberg & Woessner PA*, No. 12-cv-528 (D. Minn.), recently limited the scope of the search required by the defendant law firm to find uses of the asserted articles. In ruling on Plaintiffs' motion to compel on two of the 18 articles Plaintiffs asserted in the case, the court limited discovery related to alleged infringement. While the court ordered the firm to conduct an internal investigation as to the uses of these two articles, it limited this search, stating, "I'm not going to require you at this point in time to do some type of an exhaustive digital search with respect to your computers to find out every e-mail that was sent, etc." (Nov. 9, 2012, Mot. Hr'g Tr. at 35:1–19, attached as Exhibit B.) As such, the Minnesota court recognized that

Significantly, at this hearing, Plaintiffs' counsel conceded that this case is about prosecuting patent applications. (*Id.* at 18:19–22 ("[THE COURT]: Mr. Dunnegan, I think you are conceding that your case against Winstead is based on articles that are photocopied in connection with patent prosecutions. MR. DUNNEGAN: Yes, your Honor.").) Plaintiffs have no additional facts supporting their claim against MBHB to argue that the case before this Court differs from the one against the Texas defendant. Therefore, despite Plaintiffs' assertions to this Court, this case remains primarily about uses of the Articles in conjunction with submitting them to the PTO.

Despite Plaintiffs' desired search into MBHB's entire law practice exceeding MBHB's discovery obligations, in an effort to resolve Plaintiffs' motion without this Court's intervention, MBHB made a reasonable proposal to conduct a broad search of its files for any uses of the Articles. MBHB proposed to:

1. Search the firm's electronic document management system for any copies of the Articles besides those already disclosed;

2. Search the index of the firm's off-site document storage for references to the Articles, and if such references are found, retrieve the boxes of these files and search them manually;

3. Send a memo to the firm's attorneys, law clerks, and technical advisors, asking them if they remember making any copies of or otherwise using the Articles, and if they do recall such use, to let the firm know so these uses can be investigated further; and

4. Search the computer hard drives and relevant paper files of Tom Fairhall and Richard Machonkin—the two attorneys already identified as having used the Articles in prosecuting certain patent applications—for any uses of the Articles other than those already identified.

(*See* Nov. 26, 2012, B. Irwin e-mail to W. Dunnegan, attached as Exhibit C.) Plaintiffs rejected this offer, however, writing, "We are reluctant to agree that, regardless of the outcome of the

---

Plaintiffs' speculative claims do not warrant the type of broad, intrusive discovery Plaintiffs seek, and correctly limited the burden on the defendant law firm.

search you propose, we cannot seek a follow-up search." (*See* Nov. 28, 2012, W. Dunnegan e-mail to B. Irwin, attached as Exhibit D.) As this e-mail makes clear, Plaintiffs may seek additional overly burdensome and intrusive searches, foraging through MBHB's clients' files until they find uses of these two Articles (which most likely do not exist) or at least until they are satisfied that such uses do not exist.

II. <u>**Analysis**</u>

The court in the *Winstead* case in Texas stated succinctly why the type of discovery Plaintiffs seek is improper in light of their pleadings, which are **based entirely** on MBHB's uses of the Articles in relation to prosecuting certain patent applications. In the November 20 motion hearing, the Texas court stated:

> So it seems to me that the plaintiffs can have knowledge of what Winstead has done only by virtue of what is reflected in the PTO records. Otherwise, *it's just a guess about what Winstead is doing*. I envision an era of discovery where the plaintiffs in this case takes the deposition . . . asking Mr. Campbell to bring along with him to the deposition every client file, and ask Mr. Campbell to just peruse and see if there are any copyrighted documents in there, in which case you find out if they belong to your client. If they were copyrighted by your client, then you would ask questions about it. *That is the original definition of a fishing expedition*.

(*American Institute of Physics v. Winstead PC*, Nov. 20, 2012, Mot. Hr'g Tr. at 6:2–14 (emphasis added).) The same reasoning applies in this case.

Plaintiffs' speculative claims on a broad range of uses of the Articles beyond patent prosecution are improper, and Plaintiffs' attempt to seek discovery into these unsupported claims constitutes a mere "fishing expedition." *See Jacobs v. Carnival Corp.*, No. 06 Civ. 0606(DAB), 2009 WL 856637, at *4–*6 (S.D.N.Y. Mar. 25, 2009) (stating that pursuant to Rule 8, a complaint requires pleading of what copyrights have been infringed and "what acts and during what time the defendant infringed the copyright") (internal quotation omitted); *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996) ("[D]iscovery is not

8

intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it."); *Sirazi v. Panda Express, Inc*., No. 08 C 2345, 2009 WL 4232693, at *3–*4 (N.D. Ill. Nov. 24, 2009) (stating that a reasonable basis must exist that the sought discovery could exist before subjecting a party to the burdensome process of what would be a fishing expedition).

Again, Plaintiffs have no basis to claim that MBHB has used their two Articles other than in conjunction with prosecuting certain patent applications. But MBHB has been flexible and reasonable in discovery. It agreed to search its electronic files, the index of its off-site storage facility, the computers and files of the two attorneys it identified as having used the Articles, and to question its attorneys and staff regarding uses of the Articles beyond prosecuting patent applications. Plaintiffs rejected this offer, and implied that they want additional searches.

The obvious question, therefore, is what limit do Plaintiffs' propose for their search? Requiring MBHB to search manually through all of its paper files from 2001 (the year in which the Articles were published) to the present would clearly be unreasonable and unduly burdensome, especially considering Plaintiffs have no basis to believe such a search would be relevant to their claims. Even a search of all or a portion of the firm's paper files from any period of time would be unreasonable and unduly burdensome, as it would presumably require many days of time, cost a significant amount of money, and intrude on the firm's regular business.

Again, MBHB has agreed to search its electronic document management system and the index of its paper files, to question all of its attorneys and staff, and to conduct further searches of the paper files and computers of the two attorneys who have used the Articles in prosecuting certain patent applications. Simply put, Plaintiffs have no basis to seek a search beyond this (or,

9

for that matter, to seek the search that MBHB is willing to conduct). Anything else would be unreasonable and unduly burdensome.

**III.     Conclusion**

As such, MBHB respectfully asks this Court to deny Plaintiffs' Motion to Compel, or in the alternative, to limit the scope of MBHB's search to that which it proposed to Plaintiffs in its counsel's November 26, 2012, e-mail.

*     *     *

Dated: December 5, 2012                                    Respectfully submitted,


                                                           */s/ Barry F. Irwin, P.C.*
                                                           Barry F. Irwin, P.C. (No. 6211213)
                                                           (barry.irwin@kirkland.com)
                                                           Jason M. Koransky (No. 6303746)
                                                           (jason.koransky@kirkland.com)
                                                           KIRKLAND & ELLIS LLP
                                                           300 North LaSalle Street
                                                           Chicago, IL 60654
                                                           Telephone: (312) 862-2000
                                                           Facsimile: (312) 862-2200

                                                           Dale Cendali (*pro hac vice*)
                                                           KIRKLAND & ELLIS LLP
                                                           601 Lexington Avenue
                                                           New York, NY 10022
                                                           Telephone: (212) 446-4800
                                                           Facsimile: (212) 446-4900
                                                           dale.cendali@kirkland.com

                                                           Leif R. Sigmond, Jr. (No. 6204980)
                                                           MCDONNELL BOEHNEN HULBERT &
                                                           BERGHOFF LLP
                                                           300 South Wacker Drive
                                                           32nd Floor
                                                           Chicago, IL 60606
                                                           Telephone: (312) 913-0001
                                                           Facsimile: (312) 913-0002
                                                           sigmond@mbhb.com

                                                           *Attorneys for Defendant McDonnell Boehnen
                                                           Hulbert & Berghoff LLP*

11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION TO COMPEL** was served via the Court's Electronic Case Filing System pursuant to Local Rule 5.9 on December 5, 2012, to all counsel of record:

Annette Michele McGarry
Marianne C. Holzhall
McGarry & McGarry, LLC
120 N. LaSalle St., Suite 1100
Chicago, IL 60602
amm@mcgarryllc.com
mch@mcgarryllc.com

William Dunnegan
Laura Jean Scileppi
Dunnegan & Scileppi LLC
350 Fifth Ave., Suite 4908
New York, NY 10118
wd@dunnegan.com
ls@dunnegan.com

Katherine Ellen Beaumont
United States Attorney's Office
219 S. Dearborn St., Suite 500
Chicago, IL 60604
katherine.beaumont@usdoj.gov

                                                  */s/ Barry F. Irwin*
                                                    Barry F. Irwin