IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN WILEY & SONS, LTD., AND AMERICAN INSTITUTE OF PHYSICS, | ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 1446 |
| vs. | ) ) ) | Judge Charles Norgle |
| MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, AND JOHN DOE NOS. 1-10, | ) ) ) | Magistrate Judge Arlander Keys |
| Defendants, | ) ) | |
| and | ) ) | |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE, | ) ) ) | |
| Intervening Defendant and Counterclaim Plaintiff. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs John Wiley & Sons, Ltd., and American Institute of Physics (collectively, "Plaintiffs") move pursuant to Fed. R. Civ. P. 37(a) to compel Defendants McDonnell Boehnen Hulbert & Berghoff LLP ("MBHB") to fully respond to Interrogatories 1 and 2, and to produce documents in response to document requests 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18.

## Background

On October 17, 2012, Plaintiffs commenced this action asserting that Defendants violated their copyrights in two

scientific journal articles[1] by submitting them without
authorization to the United States Patent and Trademark Office
("PTO"). Defendants' practice includes both prosecuting patents
before the PTO, as well as counseling clients regarding a wide
range of issues, such as assessing the validity of patents and
lawfully avoiding patent infringement. Plaintiffs timely amended
their claims, withdrawing the allegations relating solely to
Defendants' unauthorized submission of their copyrighted work to
the PTO. (Am. Compl., at ¶ 1.) Instead, Plaintiffs now make a
broader claim, which is that MBHB has illegally made use of their
copyrighted articles in association with Defendants' legal
practice as a whole, such as its practice of counseling and
litigation, "by making internal copies of those articles in
connection with McDonnell's for-profit patient practice...The
internal copying has occurred...throughout McDonnell's patent law
practice, and is not limited to McDonnell's patent prosecution
practice." (Pls.' Mot. Summ. J. p.42 at 1-2.) Thus, the amended
complaint is not limited to MBHB's patent prosecution, but
includes all of MBHB's law practice, including but not limited to

---

[1]Plaintiff John Wiley & Sons, Ltd. has accused MBHB of infringing
Raznikov, V., *et al.*, "A new approach to data reduction and evaluation in
high-resolution time-of-flight mass spectrometry using a time-to-digital
convertor data-recording system," *Rapid Communications in Mass Spectrometry*,
vol. 15, No. 8, pp. 570-78 (2001) (the "Raznikov Article"). Plaintiff American
Institute of Physics has accused MBHB of infringing Erchak, A., *et al.*,
"Enhanced coupling to vertical radiation using a two-dimensional photonic
crystal in a semiconductor light-emitting diode," *Applied Physics Letters*,
vol. 78, No. 5, pp. 563-65 (2001) (the "Erchak Article") (collectively, "the
articles").

its patent counseling practice.

Defendants filed a response opposing Plaintiffs' motion to compel based upon relevance, undue burden, and because two orders in related actions are pending: *American Institute of Physics et al v. Schwegman*, in the United States District Court for the District of Minnesota, and *American Institute of Physics et al v. Winstead PC*, in the United States District Court for the Northern District of Texas. Defendants argue that Plaintiffs have no basis, beyond mere speculation, for their assertion that MBHB used their articles outside of its prosecution practice. Moreover, Defendants maintain that it is unreasonably burdensome to demand that MBHB search for any possible use of these two articles in any of the numerous other legal matters handled by the law firm, deeming it a "fishing expedition". Finally, Defendants encourage the Court to follow suit with the two other courts which have similar matters pending, and either deny Plaintiffs the discovery they seek or limit it substantially.

Although the Court agrees with Defendants that a pure fishing expedition is unjust, the Court finds that, given the scope of Plaintiffs amended claims for copyright infringement, the information and documents Plaintiffs seek to compel are relevant to the claims in this action. The amended complaint is no longer limited to MBHB's patent prosecution practice, but now includes all of MBHB's law practice. As burdensome as that makes

compliance with discovery for MBHB, nonetheless, Plaintiffs have a right to a reasonable search of relevant information as it relates to their newly amended claims. What must be defined at this juncture, however, is what a "reasonable" search entails. Defendants underscore that Plaintiffs have filed similar infringement cases that are currently pending in other courts, however, the Court notes that, in both instances, the courts have not denied Plaintiffs the type of discovery they seek, but instead aimed to determine reasonable parameters, as will the Court herein.

In an e-mail dated November 26, 2012, Defendants attempted to negotiate a discovery proposal with Plaintiffs, offering to commence a broader search into other areas of its practice than before as outlined below:

> 1. Search the firm's electronic document management system for any copies of the articles besides those already disclosed;
> 2. Search the index of the firm's off-site document storage for references to the articles, and if such references are found, retrieve the boxes of these files and search them manually;
> 3. Send a memo to the firm's attorneys, law clerks, and technical advisors, asking them if they remember making any copies of or otherwise using the articles, and if they do recall such use, to let the firm know so these uses can be investigated further; and
> 4. Search the computer hard drives and relevant paper files of Tom Fairhall and Richard Machonkin—the two attorneys already identified as having used the articles in prosecuting certain patent applications—for any uses of the articles other than those already identified.

November 26, 2012 E-mail from B. Irwin of Kirkland and Ellis LLP

4

to W. Dunnegan of Dunnegan and Scileppi LLC (attached as Exhibit C to Defendants' Response). Plaintiffs rejected MBHB's search proposal, writing that, "[w]e are reluctant to agree that, regardless of the outcome of the search you propose, we cannot seek a follow-up search." (*See* Nov. 28, 2012, W. Dunnegan e-mail to B. Irwin, attached as Exhibit D.) On December 14, 2012, both parties appeared before the Court for oral argument on the matter. Defendants' main concern was that Plaintiffs would continue to expand their search upon the non-retrieval of the information they seek. Conversely, Plaintiffs argue that a follow-up search is unnecessary provided that, in addition to the search that MBHB has already proposed, they are also granted access to search the local hard drives of every lawyer (and his/her secretary if need be) in MBHB's office.

## Discussion

The district court exercises significant discretion in ruling on a motion to compel. The district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26©, the district court may fashion a ruling appropriate for the circumstances of the case. Fed. R. Civ. P. 37(a)(4)(B), (c). Thus, a district court is not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should independently determine the proper course of discovery based upon

the arguments of the parties. *See*, *e.g.*, *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996). Courts have discretion to limit the extent of discovery after considering "[if] the burden or expense of the proposed discovery outweighs its likely benefit...the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c)(iii).

A party objecting to the production of relevant information on the ground that it is unduly burdensome has the burden to prove the extent of that burden. *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006)("If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper. *See* Rule 34(b); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D. Ill. 2005). "That burden cannot be met by a reflexive invocation of 'the same baseless, often abused litany' that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome' or that it is 'neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" *Burkybile* at *6 (quoting *Swift v. First USA Bank*, 1999 WL 1212561 (N.D. Ill. Dec. 15, 1999)). Where the party from whom the documents are requested objects to the request, the party seeking the request may move

6

for an order to compel production. *Gile*, 95 F.3d at 496.

The Seventh Circuit, however, has often warned that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971-972 (7th Cir. 1996). *Accord Brenneman v. Knight*, 297 Fed.Appx. 534, 538, 2008 WL 4748516, 2 (7th Cir. 2008) ("But requiring the staff to conduct a fishing expedition, particularly of the magnitude Brenneman requested, would have imposed too great a burden.")

Here the parties have reached an impasse on the parameters of the search that is necessitated by Plaintiffs' amended complaint. As Plaintiffs suggest, the most basic inquiry in this action is: how many unauthorized copies did MBHB make of the two copyrighted articles, and in what circumstances were they made? In order to determine those answers, Plaintiffs propounded the following interrogatories and document requests:

Interrogatories 1 and 2 provide:

"1. For each Copy of the Raznikov Article that McDonnell ever had in its possession, custody or control, Describe in detail the circumstances in which McDonnell made a Copy of that article and/or distributed a Copy of it to any Person outside of McDonnell.

2. For each Copy of the Erchak Article that McDonnell ever had in its possession, custody or control, Describe in detail the circumstances in which McDonnell made a Copy of that article and/or distributed a Copy of it to any Person outside of McDonnell."

(McGarry Dec. Ex. A at 4-5.)

Document requests 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18 concern the extent of MBHB's copying of the articles:

"5. Documents sufficient to identify the circumstances under which McDonnell obtained its first Copy of the Raznikov Article.

6. Documents sufficient to identify the circumstances under which McDonnell obtained any subsequent Copy of the Raznikov Article, other than by copying a Copy already within its possession, custody or control.

7. Documents sufficient to identify each Copy of the Raznikov Article that McDonnell made prior to November 9, 2010.

8. Documents sufficient to identify each Copy of the Raznikov Article that McDonnell distributed to any Person outside McDonnell prior to November 9, 2010.

9. Documents sufficient to identify each attorney, patent agent, or other Person affiliated with McDonnell who had possession, custody or control of a Copy of the Raznikov Article at any time prior to November 9, 2010.

10. Documents sufficient to identify the circumstances under which McDonnell obtained its first Copy of the Erchak Article.

11. Documents sufficient to identify the circumstances under which McDonnell obtained any subsequent Copy of the Erchak Article, other than by copying a Copy already within its possession, custody or control.

12. Documents sufficient to identify each Copy of the Erchak Article that McDonnell made prior to November 9, 2010.

13. Documents sufficient to identify each Copy of the Erchak Article that McDonnell distributed to any Person outside McDonnell prior to November 9, 2010.

14. Documents sufficient to identify each attorney, patent agent, or other Person affiliated with McDonnell who had possession, custody or control of a Copy of the Erchak Article at any time prior to November 9, 2010. . . .

16. Documents sufficient to identify each individual who obtained on behalf of McDonnell any licensed Copy of, or a license to copy, the Raznikov Article. . . .

18. Documents sufficient to identify each individual who obtained on behalf of McDonnell any licensed Copy of, or a

license to copy, the Erchak Article."
     (McGarry Dec. Ex. C at 6-15.)

     Initially, Defendants objected to providing the responsive
discovery, arguing that the terms used are undefined,
ambiguous, and vague. MBHB further objected to the
interrogatories as overly broad and unduly burdensome to the
extent it seeks information relating to each copy of the
articles MBHB ever had in its possession, custody, or control
without regard to time, and without regard to whether such
copying occurred in connection with the allegedly infringing
activities.  Moreover, MBHB objected to the interrogatories as
seeking information protected by the attorney-client privilege
and/or work product doctrine. The Court finds all of
Defendants' contentions equally unavailing.  Aside from the
boilerplate declarations that the language utilized is vague
and that providing such responsive discovery is unduly
burdensome, Defendants do not provide any proof as to how or
why Plaintiffs request is improper.  With regard to the
attorney client privilege and work product doctrine, the Court
finds that the documents requested seek neither evidence of
confidential attorney-client communication nor any materials
prepared in anticipation of litigation.

     In an effort to resolve Plaintiffs' motion without the
Courts' intervention, Defendants later made a proposal to
conduct a broader search of its files for any use of the

articles, however still not to Plaintiffs' satisfaction.
Plaintiffs maintain that discovery which involves a search of
the network and local electronic files of MBHB's attorneys,
patent agents, paralegals, and secretaries for copies of the
two articles and any reference to them is necessary and
reasonable.  The Court disagrees.

In a similar vein as both the *Winstead* and *Schwegman*
courts wherein infringement actions are pending, the Court
finds that, with the scope of Plaintiffs' amended complaint
widening, so is the need for expanded discovery. (In *Schwegan*,
Judge Keyes explained in his order to Defendants that "you are
going to have to do more internal investigation so that you
find out and are able to provide more information...") (In
*Winstead*, Judge Lynn delineated certain limited interrogatories
that plaintiff could serve on defendants)  Herein, however, the
Court finds the parameters sought by Plaintiffs to be
disproportionate to the previous good faith belief articulated
of wherein they allege infringement lies.  Moreover, the Court
finds a search of every hard drive at MBHB to be unduly
burdensome.  Therefore, the Court grants Plaintiffs' request to
compel Interrogatories 1 and 2 but denies Plaintiffs' document
requests numbered 9, 14, 16, and 18.  The Court finds that,
with regard to those documents, Defendants must meet the
parameters of the proposed search they offered, but need not go

10

beyond that. Specifically, Defendants need not search the hard drives of every lawyer, paralegal, law clerk, technical advisor, or secretary of the MBHB firm, unless and until in responding to MBHB's memo, an employee recalls making copies or otherwise using the articles. That would then be grounds for further investigation.

<u>Conclusion</u>

For the reasons set forth above, Plaintiffs' motion to compel is granted in part, and denied in part. Accordingly, Plaintiffs' motion to compel is granted as to Interrogatories 1 and 2, and as to documents responsive to numbers 5,6, 7, 8, 10, 11, 12, 13, 15. The motion to compel is otherwise denied.

Dated: February 12, 2013

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge

11