IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN WILEY & SONS, LTD., AND ) <br> AMERICAN INSTITUTE OF PHYSICS,) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MCDONNELL BOEHNEN HULBERT ) <br> & BERGHOFF LLP, AND JOHN DOE ) <br> NOS. 1-10, ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> THE UNITED STATES PATENT AND ) <br> TRADEMARK OFFICE, ) <br> ) <br> ) <br> Intervening Defendant ) <br> and Counterclaim Plaintiff. ) | No. 12 C 1446 <br><br><br><br><br><br> Judge Charles R. Norgle, Sr. <br><br> Magistrate Judge Arlander Keys |

**MEMORANDUM OPINION AND ORDER**

Defendants, McDonnell Boehnen Hulbert & Berghoff LLP ("MBHB"), move pursuant to Fed. R. Civ. P. 37(a) to compel Plaintiffs, John Wiley & Sons, Ltd. ("Wiley"), and American Institute of Physics ("AIP") (collectively, "Plaintiffs"), to fully respond to Interrogatory Nos. 2, 6, and 9, and to produce documents responsive to RFP Nos. 13, 31, 33, 40, 42, 43, 47, 49, 51, 53, 54, 58-62, and 65.  MBHB also moves pursuant to Rule 36(a)(6) to deem admitted or provide proper responses to RFA Nos. 5-12 and 59-63, as well as RFA Nos. 34 and 35 to Wiley and Nos. 38 and 39 to AIP.

Background

On October 17, 2012, Plaintiffs commenced this action asserting that Defendants violated their copyrights in two scientific journal articles[11] by submitting them without authorization to the United States Patent and Trademark Office ("PTO"). Defendants' practice includes both prosecuting patents before the PTO, as well as counseling clients regarding a wide range of issues, such as assessing the validity of patents and lawfully avoiding patent infringement. Plaintiffs timely amended their claims, withdrawing the allegations relating solely to Defendants' unauthorized submission of their copyrighted work to the PTO. (Am. Compl., at ¶ 1.) Instead, Plaintiffs now make a broader claim, which is that MBHB has illegally made use of their copyrighted articles in association with Defendants' legal practice as a whole, such as its practice of counseling and litigation, "by making internal copies of those articles in connection with McDonnell's for-profit patent practice...The internal copying has occurred...throughout McDonnell's patent law practice, and is not limited to McDonnell's patent prosecution

---

[11]Plaintiff John Wiley & Sons, Ltd. has accused MBHB of infringing Raznikov, V., *et al*., "A new approach to data reduction and evaluation in high-resolution time-of-flight mass spectrometry using a time-to-digital convertor data-recording system," *Rapid Communications in Mass Spectrometry*, vol. 15, No. 8, pp. 570-78 (2001) (the "Raznikov Article"). Plaintiff American Institute of Physics has accused MBHB of infringing Erchak, A., *et al*., "Enhanced coupling to vertical radiation using a two-dimensional photonic crystal in a semiconductor light-emitting diode," *Applied Physics Letters*, vol. 78, No. 5, pp. 563-65 (2001) (the "Erchak Article") (collectively, "the articles").

practice." (Pls.' Mot. Summ. J. p.42 at 1-2.) Thus, the amended complaint is not limited to MBHB's patent prosecution, but includes all of MBHB's law practice, including but not limited to its patent counseling practice.

On February 12, 2013, the Court granted in part and denied in part a motion to compel that Plaintiffs filed on October 17, 2012. At that time, the Court made clear that discovery will not be used as a fishing expedition, but because the parties had reached an impasse on the parameters of the search that was necessitated by Plaintiffs' amended complaint, the Court approved a reasonable new search for the Articles' use. MBHB conducted the search approved by the Court, and discovered no additional uses of the Articles beyond those previously disclosed to Plaintiffs.

Now, MBHB contends that Plaintiffs' claims are barred by at least fair use, laches, and estoppel. To prove these affirmative defenses, MBHB intends to establish, among other things, that: (1) that conduct hypothesized by Plaintiffs would not materially impact the market for Plaintiffs' works (a factor in a fair use analysis); and (2) Plaintiffs were aware of law firms engaging in acts such as those they now accuse MBHB of doing, but did nothing to address these uses for an unreasonable length of time. MBHB also argues that it needs information on Plaintiffs' licensing and profits to address damages. Plaintiffs filed a summary

3

judgment motion on Defendant's laches affirmative defense, which is still pending before Judge Norgle.  However, on May 31, 2013, this Court denied Defendant's motion to stay discovery.

Now, Defendant's current motion to compel opines that Plaintiffs have refused to produce relevant and critical discovery including: complete responses to interrogatories, production of documents related to Defendant's fair use, laches, and estoppel affirmative defenses, requests related to Plaintiffs' damages claim, as well as proper responses to many of MBHB's requests for admission.  Plaintiffs object, requesting that the Court deny the motion to compel, arguing that the requests are either privileged, irrelevant, or have already been satisfied.  For the reasons set forth below, the Court grants Defendants motion in part, and denies Defendants motion in part.

## Discussion

The district court exercises significant discretion in ruling on a motion to compel.  The district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case.  Fed. R. Civ. P. 37(a)(4)(B), (c).  Thus, a district court is not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should independently determine the proper course of discovery based upon

4

the arguments of the parties. *See*, *e.g.*, *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996). Courts have discretion to limit the extent of discovery after considering "[if] the burden or expense of the proposed discovery outweighs its likely benefit...the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c)(iii).

Where the party from whom the documents are requested objects to the request, the party seeking the request may move for an order to compel production. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). The Seventh Circuit, however, has often warned that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971-972 (7th Cir. 1996). *Accord Brenneman v. Knight*, 297 Fed.Appx. 534, 538, 2008 WL 4748516, 2 (7th Cir. 2008) ("But requiring the staff to conduct a fishing expedition, particularly of the magnitude Brenneman requested, would have imposed too great a burden.")

Defendants argue that the instant motion addresses deficiencies in Plaintiffs' response to both MBHB's first and second set of discovery requests. The Court agrees that some deficiencies exist which warrant remedy, but does not concur with all that MBHB outlines. Therefore, the Court will address each request in turn.

5

I. Interrogatory Nos. 2, 6, and 9

Interrogatory No. 2 seeks information related to Plaintiffs' investigation into MBHB's alleged infringement:

> Identify all circumstances relating to John Wiley discovering MBHB's use of the Raznikov Article, including how John Wiley discovered that MBHB had submitted the Raznikov Article to the USPTO; who made the decision to investigate MBHB's submission of any Work or Works allegedly owned or exclusively licensed by John Wiley; who conducted the investigation; how John Wiley conducted its investigation; when the investigation began; when John Wiley learned of MBHB's use of the Raznikov Article; whether John Wiley's investigation was part of a broader investigation for uses of the Raznikov Article and/or other Works to which John Wiley alleges it owns or is exclusively licensed by MBHB, other law firms, attorneys, patent applicants, and/or other people or entities; the identification of the person or persons most knowledgeable thereof; and the identification of all documents relating or referring thereto.

(Ex. 1.) Defendant argues that Plaintiffs' response to this interrogatory is incomplete, while Plaintiffs make attorney-client privilege and work-product immunity objections. The Court finds Plaintiffs' contention correct, as the information solicited calls for information developed in anticipation for litigation. Therefore, the Court denies Defendant's motion to compel production of Interrogatory No. 2.

Interrogatory No. 6 seeks information related to Defendant's fair use defense, it asks Plaintiffs to:

> Identify all entities and/or services through which MBHB could obtain a license to copy, distribute, or otherwise use digital and/or paper copies of John Wiley

6

>Works, individually or collectively, in connection with activities related to prosecuting patent applications, from January 2006 to the present, broken down by year, and state the scope of such a license; the cost of such a license; whether MBHB could obtain this license through a Web site, through the mail, over the phone, or by other means; the length of time it would take MBHB to acquire this license from the time it requests the license; and whether any conditions would exist that would lead to MBHB being denied the license it seeks.

(Ex. 1, MBHB's First Set of Interrogs.)

Defendant explains that, after extensive meet-and-confers, Plaintiffs agreed to provide information in response to this interrogatory regarding the entities through which MBHB could acquire a license to copy or distribute Plaintiffs' works, not the entities from which MBHB could purchase licensed copies of the works, however, they have yet to do so. (*See* Ex. 6, Oct. 4, 2012, letter from B. Irwin to W. Dunnegan; *see also* Ex. 7 at Supp. Resp. to Interrog. No. 4.) The Court orders that this information be produced.

Interrogatory No. 9 seeks information related to the manner in which Plaintiffs receive royalties from the Copyright Clearance Center ("CCC"):

>Describe with particularity how royalty or other payments to John Wiley are calculated or determined when CCC grants licenses that permit the copy and/or distribution of Your Works. Include in Your response what percentage of the licensing revenue CCC provides to You when Your Works are encompassed by any license granted by CCC and what percentage CCC retains, and whether this percentage changes by the type of license and/or the Works covered by the license.

7

(Ex. 9, MBHB's Second Set of Interrogs.)

MBHB argues that Plaintiffs' responses to Interrogatory No. 9 is also insufficient. Plaintiffs answer by citing to numerous documents in their responses. (Ex. 12, Pls.' Resps. to MBHB's Second Set of Interrogs.) However, after a review of exhibits both sealed and not, the Court finds that none of the documents contain the specifically requested information regarding how CCC calculates its royalty payments. The Court finds this information to be relevant to a consideration of damages, and any concern over confidentiality is ameliorated by the Protective Order entered in this case, which specifically contemplates the production of "Highly Confidential" information. (*See* Dkt. #76.)

Plaintiffs additionally argue that production would be unreasonably burdensome, involving more than 680,000 pages of documents. However, a party objecting to the production of relevant information on the ground that it is unduly burdensome has the burden "to show why a discovery request is improper. *See* Rule 34(b); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D. Ill. 2005). "That burden cannot be met by a reflexive invocation of 'the same baseless, often abused litany' that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome' or that it is 'neither

8

relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006)(quoting *Swift v. First USA Bank*, 1999 WL 1212561 (N.D. Ill. Dec. 15, 1999)). Litigation of this kind regularly involves a high volume of information, and Plaintiffs have failed to prove how that alone is improper, especially given the relevancy of the information requested. Therefore, the Court orders a complete response to Interrogatory No. 9.

## II. RFP Nos. 13, 31, 33, 40, 42, 43, 47, 49, 51, 53, 54, 58-62, and 65.

MBHB argues that the requests for production made are "tailored toward relevant and non-privileged documents," (Def.'s Memo at 15, Dkt. 82). However, the Court finds that Plaintiffs have provided persuasive arguments against production of several RFPs, including RFP Nos. 40, 42, 43, and 65. Plaintiffs object to all further requests for production, but specifically contends that the following four RFPs are unreasonable and/or unwarranted at this point of discovery:

- RFP No. 40: All Documents examined as a possible or actual source of information for John Wiley's responses to MBHB's interrogatories, including the First Set of Interrogatories, served concurrently here with, and any subsequent interrogatories.

- RFP No. 42: To the extent not encompassed by other Requests, all Documents that John Wiley believes refute

9

> or contradict MBHB's affirmative defenses set forth in MBHB's Answer filed on April 19, 2012, in this action.
>
> •RFP No. 43: All Documents, including internal memoranda and all Communications between John Wiley and any third parties concerning (a) this litigation; and/or (b) the subject matter of this litigation.
>
> •RFP No. 65: All Documents that John Wiley has been asked to identify, or that John Wiley has identified, described, or referred to, in its responses to MBHB's Second Set of Interrogatories, served concurrently herewith.
>
> (Exs. 2 & 10.)

Regarding RFP No. 40, the Court agrees that if the Plaintiffs looked at a document and determined it did not contain any responsive information, they should not be compelled to produce anything further than the documents they already produced, as identified in their interrogatory responses. Regarding RFP No. 42, the Court agrees that, at this point in the litigation, where the facts and legal theories upon which MBHB bases its affirmative defenses of laches and estoppel are not thoroughly defined, Plaintiffs need not respond further. Also, because Plaintiffs will not be able to use the documents at trial unless they provide them to MBHB now, there is no issue. Finally, with regard to Nos. 43 and 65, the Court finds No. 43 overly broad and likely largely irrelevant, and No. 65 to have been satisfied. Therefore, the Court grants Defendant's request

to compel RFP Nos. 13, 31, 33, 47, 49, 51, 53, 54, and 58-62, but denies Defendant's RFP Nos. 40, 42, 43, and 65.

### III. RFA Nos. 5-12 and 59-63, RFA Nos. 34 and 35 to Wiley and Nos. 38 and 39 to AIP.

Lastly, MBHB argues that Plaintiffs have failed to respond to numerous requests for admission, and requests the Court to now compel RFA Nos. 5-12 and 59-63, RFA Nos. 34 and 35 to Wiley and Nos. 38 and 39 to AIP. Plaintiffs object to certain RFAs as irrelevant and seeking information protected by the work product doctrine. The RFA's include:

- RFA No. 5: John Wiley conducted a pre-filing investigation prior to filing the Complaint in this matter.

- RFA No. 6: John Wiley searched the PAIR Database as part of its pre-filing investigation prior to filing the Complaint in this matter.

- RFA No. 7: John Wiley used "McDonnell Boehnen Hulbert & Berghoff LLP" and derivations of MBHB's name as search terms in the PAIR Database as part of its pre-filing investigation prior to filing the Complaint in this matter.

- RFA No. 8: John Wiley used "Raznikov" as a search term in the PAIR Database as part of its pre-filing investigation prior to filing the Complaint in this matter.

- RFA No. 9: John Wiley used "Rapid Communications in Mass Spectrometry" and derivations of the journal's title as search terms in the PAIR Database as part of its pre-filing investigation prior to filing the Complaint in this matter.

- RFA No. 10: John Wiley used "McDonnell Boehnen Hulbert & Berghoff LLP" and derivations of MBHB's name as

11

    search terms in Internet search engines (e.g., Google) as part of its pre-filing investigation prior to filing the Complaint in this matter.

    •RFA No. 11: John Wiley used "Raznikov" as a search term in Internet Search engines (i.e., Google) as part of its pre-filing investigation prior to filing the Complaint in this matter.

    •RFA No. 12: John Wiley used "Rapid Communications in Mass Spectrometry" and derivations of the journal's title as search terms in Internet search engines (e.g., Google) as part of its pre-filing investigation prior to filing the Complaint in this matter.

    •RFA No. 59: John Wiley discussed MBHB with CCC employees or representatives prior to filing its Complaint.

    •RFA No. 60: John Wiley did not discuss MBHB with CCC employees or representatives prior to filing its complaint.

    •RFA No. 61: John Wiley discussed with CCC employees or representatives uses of non-patent literature by law firms and attorneys prior to filing its Complaint.

    •RFA No. 62: John Wiley discussed with CCC how a copyright infringement suit against law firms or attorneys could help create or expand a licensing market for scientific journal articles prior to filing its Complaint.

(Ex. 3; Ex. 11, MBHB's Second Set of RFAs.)

    •RFA No. 34 to Wiley: The Raznikov Article is factual in nature.

    •RFA No. 35 to Wiley: The Raznikov Article is not factual in nature.

    •RFA No. 38 to AIP: The Erchak Article is factual in nature.

    •RFA No. 39 to AIP: The Erchak Article is not factual in nature.

(Ex. 3, MBHB's First Set of RFAs.)

With regard to Plaintiffs' privilege objection to the first grouping of RFAs above, the Court finds that MBHB drafted the RFAs so that answering "admit" or "deny" does not raise an inference that reveals information which violates the privilege. *See Itex, Inc. v. Workrite Uniform Co.*, 2011 WL 1224920, at *2 (N.D. Ill. Mar. 31, 2011). Pursuant to Rule 36(a)(4), litigants have five options when responding to requests to admit: (1) admit; (2) deny; (3) admit in part and deny in part; (4) respond that they are unable to admit or deny; or (5) object. F.R.C.P. 36(a)(4). For each of these RFAs, a proper response would only reveal the underlying facts, which are not protected as work product. *Id.* at *1. The RFAs ask about the existence of communications or searches. This is non-privileged information that would have to be disclosed on a privilege log. Therefore, pursuant to Rule 36(a)(6), the Court orders Plaintiffs to make a proper response to each.

With regard to the two RFAs to Wiley and the two to AIP, MBHB argues that they are not ambiguous, and that Plaintiffs' claim otherwise is baseless. The Court finds Plaintiffs' general objection of ambiguity unavailing. The RFAs are clear, therefore Wiley and AIP are ordered to make proper responses to each of the two RFAs directed to them.

## Conclusion

13

For the reasons set forth above, Defendant's motion to compel is granted in part, and denied in part. Accordingly, MBHB's motion to compel is granted as to Interrogatory Nos. 6 and 9, but denied as to No. 2, and granted as to the production of documents responsive to RFP Nos. 13, 31, 33, 47, 49, 51, 53, 54, and 58-62. The Court denies MBHB's RFP Nos. 40, 42, 43, and 65. Additionally, the Court orders Plaintiffs to admit or provide proper responses to RFA Nos. 5-12 and 59-63, as well as RFA Nos. 34 and 35 to Wiley and Nos. 38 and 39 to AIP.

Dated: June 7, 2013

                                                     **E N T E R E D:**

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT