**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN WILEY & SONS, LTD., AND ) <br> AMERICAN INSTITUTE OF PHYSICS,) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MCDONNELL BOEHNEN HULBERT ) <br> & BERGHOFF LLP, AND JOHN DOE ) <br> NOS. 1-10, ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> THE UNITED STATES PATENT AND ) <br> TRADEMARK OFFICE, ) <br> ) <br> ) <br> Intervening Defendant ) <br> and Counterclaim Plaintiff. ) | No. 12 C 1446 <br><br><br><br><br><br> Judge Charles R. Norgle, Sr. <br><br> Magistrate Judge Arlander Keys |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiffs' motion to clarify its June 7, 2013 Order [Dkt. #145] insofar as it compels the production of documents in response to RFP Nos. 13, 31[1], 33, 47, 49, 51, 53, 54, and 58-62. Specifically, Plaintiffs request that the Court clarify the Order as to whether it intended to limit these 13 requests for production to the two copyrighted scientific articles at issue. Indeed, the Court's order intended for production to be compelled as it relates to the Articles at

---

[1] Plaintiffs' motion title does not include RFP No. 31, however it is clear from Plaintiffs' argument that it was intended for No. 31 to be included for clarification as well.

issue. Any works beyond the scope of relating to the two Articles would be overly broad and unduly burdensome to produce. Defendants made document requests using the term "works" and defined that term in a way that was extremely broad, encompassing every copyrighted work that Plaintiffs have ever published, many of which are entirely different from the scientific Articles. Thus, they are to be limited to documents, articles, journals, communications, etc. that relate to the two scientific Articles that are the subject of this action, not *all* of the works that Plaintiffs have *ever* published. Regarding RFP Nos. 51 and 53 specifically, because both parties address these two RFPs extensively, the Court makes clear that the communications requested therein should be produced if they either relate to the two Articles specifically, or are closely related to scientific articles which are much like those of the two Articles at issue.

Accordingly, the Court grants Plaintiffs' request to clarify RFP Nos. 13, 31, 33, 47, 49, 51, 53, 54, and 58-62, and limits the 11 RFPs to the two works that are the subject of this action, and regarding RFP Nos. 51 and 53, the Court orders production of any communication that relates to the Articles or is of a kind of scientific article akin to the Articles at issue.

Dated: June 24, 2013

                                       **E N T E R E D:**

                                    _____
                                    MAGISTRATE JUDGE ARLANDER KEYS
                                    UNITED STATES DISTRICT COURT