**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOHN WILEY & SONS, LTD., AND )
AMERICAN INSTITUTE OF PHYSICS,)    No. 12 C 1446
                   )
         Plaintiffs,    )
                   )
     vs.                     )
                   )    Judge Charles R. Norgle, Sr.
MCDONNELL BOEHNEN HULBERT    )
& BERGHOFF LLP, AND JOHN DOE  )    Magistrate Judge Arlander Keys
NOS. 1-10,             )
Defendants,          )
                   )
and                        )
                   )
THE UNITED STATES PATENT AND  )
TRADEMARK OFFICE,        )
                   )
                   )
Intervening Defendant     )
and Counterclaim Plaintiff.  )

**MEMORANDUM OPINION AND ORDER**

     Defendants, McDonnell Boehnen Hulbert & Berghoff LLP
("MBHB"), move pursuant to Fed. R. Civ. P. 37(a) to compel
Plaintiffs, John Wiley & Sons, Ltd. ("Wiley"), and American
Institute of Physics ("AIP") (collectively, "Plaintiffs"), to
produce documents that sufficiently respond to Requests for
Production Nos. 75 and 76, and to fully respond to Interrogatory
No. 17.  For the reasons set forth below, Defendant's motion to
compel RFP Nos. 75 and 76 is granted, but is denied as to Inter.
No. 17.

Background

This is a copyright infringement action. On October 17, 2012, Plaintiffs commenced this action asserting that Defendants violated their copyrights in two scientific journal articles[11] by submitting them without authorization to the United States Patent and Trademark Office ("PTO"). Defendants' practice includes both prosecuting patents before the PTO, as well as counseling clients regarding a wide range of issues, such as assessing the validity of patents and lawfully avoiding patent infringement.

Defendants' main defense is fair use. Plaintiffs timely amended their claims, withdrawing the allegations relating solely to Defendants' unauthorized submission of their copyrighted work to the PTO. (Am. Compl., at ¶ 1.) Instead, Plaintiffs now make a broader claim, which is that MBHB has illegally made use of their copyrighted articles in association with Defendants' legal practice as a whole, such as its practice of counseling and litigation, "by making internal copies of those articles in connection with McDonnell's for-profit patent practice...The internal copying has occurred...throughout McDonnell's patent law

---

[11]Plaintiff John Wiley & Sons, Ltd. has accused MBHB of infringing Raznikov, V., *et al.*, "A new approach to data reduction and evaluation in high-resolution time-of-flight mass spectrometry using a time-to-digital convertor data-recording system," *Rapid Communications in Mass Spectrometry*, vol. 15, No. 8, pp. 570-78 (2001) (the "Raznikov Article"). Plaintiff American Institute of Physics has accused MBHB of infringing Erchak, A., *et al.*, "Enhanced coupling to vertical radiation using a two-dimensional photonic crystal in a semiconductor light-emitting diode," *Applied Physics Letters*, vol. 78, No. 5, pp. 563-65 (2001) (the "Erchak Article") (collectively, "the articles").

practice, and is not limited to McDonnell's patent prosecution practice." (Pls.' Mot. Summ. J. p.42 at 1-2.) Thus, the amended complaint is not limited to MBHB's patent prosecution, but includes all of MBHB's law practice, including but not limited to its patent counseling practice.

The Court has already made clear that discovery will not be used as a fishing expedition, but because the parties had reached an impasse on the parameters of the search that was necessitated by Plaintiffs' amended complaint, the Court approved a reasonable new search for the Articles' use. MBHB conducted the search approved by the Court, and discovered no additional uses of the Articles beyond those previously disclosed to Plaintiffs.

MBHB contends that Plaintiffs' claims are barred by at least fair use, laches, and estoppel. To prove these affirmative defenses, MBHB intends to establish, among other things, that: (1) conduct hypothesized by Plaintiffs would not materially impact the market for Plaintiffs' works (a factor in a fair use analysis); and (2) Plaintiffs were aware of law firms engaging in acts such as those they now accuse MBHB of doing, but did nothing to address these uses for an unreasonable length of time. MBHB also argues that it needs information on Plaintiffs' licensing and profits to address damages.

Plaintiffs filed a summary judgment motion on Defendant's laches affirmative defense, which is still pending before Judge

3

Norgle.  Now, Defendant's current motion argues that MBHB is entitled to targeted documents responsive to RFP Nos. 75 and 76, which are relevant to MBHB's fair use defense, and to a response to Interrogatory No. 17, which seeks information relevant to MBHB's copyright misuse defense.  MBHB additionally argues that this information is necessary for MBHB to prepare for the remaining depositions of Wiley's witnesses.  Plaintiff contends that MBHB's motion should be denied, as it already has Wiley's budgetary information necessary for its fair use defense, and that the information sought via Interrogatory No. 17 is irrelevant and privileged.  For the reasons set forth below, the Court grants Defendants motion in part, and denies Defendants motion in part.

<u>Discussion</u>

The district court exercises significant discretion in ruling on a motion to compel.  The district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case.  Fed. R. Civ. P. 37(a)(4)(B), (c).  Thus, a district court is not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should independently determine the proper course of discovery based upon the arguments of the parties.  *See*, *e.g.*, *Gile v. United*

*Airlines, Inc*., 95 F.3d 492, 496 (7th Cir. 1996). Courts have discretion to limit the extent of discovery after considering "[if] the burden or expense of the proposed discovery outweighs its likely benefit...the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c)(iii).

Where the party from whom the documents are requested objects to the request, the party seeking the request may move for an order to compel production. *Gile v. United Airlines, Inc*., 95 F.3d 496. The Seventh Circuit, however, has often warned that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971-972 (7th Cir. 1996). *Accord Brenneman v. Knight*, 297 Fed.Appx. 534, 538, 2008 WL 4748516, 2 (7th Cir. 2008) ("But requiring the staff to conduct a fishing expedition, particularly of the magnitude Brenneman requested, would have imposed too great a burden.")

Defendants argue that Wiley's cumulative and relevancy objections are baseless, and that MBHB is entitled to the information it seeks. The Court will address each request in turn.

## I. MBHB's Request for Production Nos. 75 and 76.

MBHB served two RFP's on Wiley seeking budgetary information:

5

> **RFP No. 75**: For each of the years from 2006 to present, the annual budgets of John Wiley's scientific, technical, and medical publishing division presented to John Wiley's finance department, as testified to by Ms. Elfenbein in her June 11, 2013, deposition.
>
> **RFP No. 76**: For each of the years from 2006 to present, the final budgets as they pertain to John Wiley's scientific, technical, and medical publishing division presented to John Wiley's finance department, as testified to by Ms. Elfenbein in her June 11, 2013, deposition.

MBHB argues that the documents responsive to RFP Nos. 75 and 76 (the internal financial reports of Wiley's scientific, technical, and medical ("STM") group), are relevant to MBHB's fair use defense and have yet to be produced. Wiley does not dispute these facts, but instead contends that the relevant information contained within the financial documents is already available and contained within Wiley's public annual reports. MBHB counters that Wiley's argument ignores the wealth of information in the internal financial documents not found in the public annual reports. The Court agrees and finds Plaintiff's attempt to diminish the requested reports as predictions, and assert their production as cumulative, unavailing.

The budgets were prepared by Wiley's Senior Vice President for International Development, with input from a combination of individuals with different responsibilities upon which Wiley relies on to make its annual business decisions. (D.I. 190,

Exhibit 1 at 32:10-21.)  Thus, these are important documents for
Wiley's STM group, which explains why the STM group creates these
budgets and financial reports each year.  Plaintiffs argue that
"actual gross revenue and operating income" provided in its
annual reports is Sufficient information for the fourth fair use
factor analysis. (D.I. 193 at 3.)  The Court disagrees, as MBHB
has underscored how the information provided in the annual report
"identifies no operating costs, does not allocate "shared" costs
to the STM business, and identifies no revenue expense drivers,
which are all available in the budgets requested. (*See* D.I. 193
at 6-7.)"  Defs.' Reply, at 5 (Dkt. 200).  Thus, the annual
reports do not provide vital information about the STM group —
the division that would actually suffer market harm — which MBHB
needs to analyze the fourth fair use factor.  Accordingly, The
Court orders complete production of both RFP Nos. 75 and 76.



**II. MBHB's Interrogatory No.17**

    Next, MBHB requests that this Court order Wiley to respond
to the following interrogatory:

         **Interrogatory No. 17**: Provide the bases for the
         statement in the letter to Bradley J. Hulbert at
         MBHB from William Dunnegan, dated November 9, 2010,
         that:
         "The STM Publishers have recently reviewed the
         public records of your firm's patent filings, and

> have found substantial evidence of unlicensed
> copying of their copyrighted material."

MBHB argues that this information is relevant to its copyright

misuse defense, as it will demonstrate that Wiley was "using its

intellectual property to strong-arm law firms into

licenses based on no evidence of infringement whatsoever."

Defs.' Mot., at 7 (Dkt. 190).  Conversely, Wiley argues that this

request is untimely, irrelevant, and is "nothing more than

McDonnell's attempt to buy more time and a renewed attempt to

invade the plaintiffs' work product privilege."  Pls.' Op., at 5

(Dkt. 193).

Either way, a party making a claim of copyright infringement

does not equate to copyright misuse.  The copyright misuse

defense involves using the "monopoly" of a copyright to obtain

rights outside the scope of those granted by the Copyright Act.

*See Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp.2d 411,

428 (D.N.J. 2005) ("Moreover, case law suggests that the defense

of copyright misuse 'has rarely been upheld as a defense to a

claim of copyright infringement.' *Lexmark Int'l, Inc. v. Static*

*Control Components, Inc.,* 253 F.Supp.2d 943, 965 (E.D.Ky.2003),

*vacated on other grounds ,* 387 F.3d 522 (6th Cir.2004).").

Plaintiff did not assert anything other than copyright

infringement, which is well within their statutory rights, and

MBHB has not provided evidence of Wiley using the monopoly of its

8

copyright to obtain unfair rights.  Therefore, the Court denies MBHB's request for production pursuant to Inter. No. 17.

Conclusion

For the reasons set forth above, Defendant's motion to compel [Dkt. #189] is granted in part, and denied in part. Accordingly, MBHB's motion to compel is granted as to RFP. Nos. 75 and 76, but denied as to Inter. No. 17.

Dated: September 16, 2013

**E N T E R E D:**

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT