**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN WILEY & SONS, LTD., AND AMERICAN INSTITUTE OF PHYSICS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| -against- | ) ) | 12 C 1446 |
| MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, AND JOHN DOE NOS. 1-10, | ) ) ) ) | Judge Charles R. Norgle<br><br>Magistrate Judge Arlander Keys |
| Defendants, | ) ) | |
| -and- | ) ) | |
| THE UNITED STATES PATENT AND TRADEMARK OFFICE, | ) ) ) | |
| Intervening Defendant and Counterclaim Plaintiff. | ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2)</u>**

Plaintiffs American Institute of Physics and John Wiley & Sons, Ltd. respectfully submit this memorandum of law in support of their motion for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

### PRELIMINARY STATEMENT

This copyright infringement action is one of four lawsuits Plaintiffs initiated in early 2012 seeking to address the systematic unauthorized internal copying of non-patent literature by patent prosecution law firms. The other three suits were brought in federal courts in Minnesota, Texas, and Kansas.[1] When Plaintiffs brought these cases, the legality of such copying – specifically, whether it constituted copyright infringement or was protected by the fair use doctrine – was an unresolved issue on which Plaintiffs believed they would prevail under existing precedent. As significant publishers of copyrighted scientific and technical literature, Plaintiffs viewed it as incumbent on them, to protect the nascent market for licensed patent law-firm copying of works such as the articles sued upon, to resolve the legal status of the wholesale copying in which the defendants were engaged. However, the district courts in the Minnesota and Texas actions recently issued summary judgment rulings in favor of the defendants on fair use grounds. The Minnesota court, in denying the defendants' motion for attorneys' fees, subsequently acknowledged that its summary judgment ruling was "by no means a foregone conclusion." Notwithstanding their disagreement with the Minnesota and Texas rulings, Plaintiffs nonetheless made the pragmatic decision not to pursue appeals in Minnesota or Texas, and both cases have now been dismissed with prejudice.

---

[1] The Kansas action, *John Wiley & Sons, Inc. and American Institute of Physics v. Hovey Williams LLP*, Case No. 5:2012-cv-04041 (D. Kan.), settled prior to any substantive ruling by the court.

1

In December 2013 – after the trial courts in Minnesota and Texas had issued their adverse summary judgment rulings on facts closely analogous to those presented here – Plaintiffs initiated an effort with opposing counsel to resolve this action via settlement accompanied by a stipulated dismissal with prejudice. It became clear only in late February 2014 that Defendants were not interested in such a disposition, preferring to continue the litigation.

Promptly thereafter, in order to expedite resolution of this case without unnecessary further expenditure of time and resources by the parties or by the Court, and without Defendants' consent, Plaintiffs now move for dismissal with prejudice by court order.

## BACKGROUND

Plaintiffs filed this action on February 29, 2012, seeking a remedy for Defendants' practice of unauthorized internal copying of copyrighted non-patent literature (i.e., scientific articles) published by Plaintiffs. The same day, Plaintiffs filed a similar complaint against Schwegman, Lundberg & Woessner, P.A. in the District of Minnesota. *See* Declaration of R. Bruce Rich, dated March 5, 2014 ("Rich Decl."), ¶ 3. On April 20, 2012, Plaintiffs commenced another similar action against Winstead PC in the Northern District of Texas. *Id.* ¶ 4.

All three suits were predicated on Plaintiffs' conviction that the systematic nontransformative copying engaged in by the defendants was not fair use, just as the unauthorized internal copying of Plaintiffs' and other publishers' scientific and technical publications was found not to be fair use in *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913 (2d Cir. 1994). On the records before them, however, the Minnesota and Texas courts disagreed with Plaintiffs' legal position, and both ruled in favor of the defendants on their fair use defenses. *See* Rich Decl. ¶¶ 5, 7. In Minnesota, the Magistrate Judge issued a Report and Recommendation on July 30, 2013, finding that summary judgment should be granted in favor of

2

the defendants, and the court adopted that recommendation in full on August 30, 2013, in an order that dismissed the action with prejudice. On October 24, 2013, Plaintiffs filed a notice of appeal to the Eighth Circuit. *Id.* ¶ 5. In the Texas case, the court issued its summary judgment ruling on December 3, 2013. *Id.* ¶ 7. The same day, the Minnesota court issued an order (amended on December 16 to correct a non-substantive error) denying the defendants' motion for attorneys' fees and holding that Plaintiffs "were not objectively unreasonable in bringing th[e] case" and acknowledging that the court's summary judgment ruling was by "no means a foregone conclusion." *Am. Inst. of Phys. v. Schwegman Lundberg & Woessner, P.A.*, Civ. No. 12-528 (RHK/JJK), Amended Order at 5-6 (D. Minn. Dec. 16, 2013) (Dkt. 286).

Although Plaintiffs believe that there were meritorious grounds to pursue appeals from one or both of the Minnesota and Texas district court rulings, they nevertheless determined to take steps to end their litigation efforts. Accordingly, on January 31, 2014, the parties in the Texas case, after reaching a settlement, filed a stipulated motion for dismissal with prejudice, which the court signed on February 3, 2014. And on February 18, 2014, Plaintiffs dismissed their appeal of the Minnesota ruling to the Eighth Circuit. Rich Decl. ¶ 10.

As another step in their effort to wind these litigations down, on December 16, 2013, R. Bruce Rich, whose law firm, Weil Gotshal & Manges LLP, had been retained by Plaintiffs to explore a consensual resolution, reached out to Defendants' lead outside counsel, Dale Cendali, to explore that possibility. *Id.* ¶ 8. In a conversation several days later, Mr. Rich advised Ms. Cendali of Plaintiffs' interest in resolving this matter that would involve a voluntary dismissal of the action with prejudice. *Id.* ¶ 9. Ms. Cendali responded on February 20, 2014 that Defendants were not interested in this manner of resolution, preferring instead to continue to litigate. *Id.* ¶ 10. That response precipitated the preparation of this motion.

**ARGUMENT**

When a motion for summary judgment is pending, Rule 41(a)(2) provides that an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Whether to allow a party to voluntarily dismiss its claim pursuant to Rule 41(a)(2) is within the district court's sound discretion." *Amerimax Real Estate Partners, Inc. v. RE/MAX Intern., Inc.*, 600 F. Supp. 2d 1003, 1006 (N.D. Ill. 2009) (Norgle, J.) (citing *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008)). A district court abuses its discretion in granting a motion for voluntary dismissal "only if the defendant shows that [it] will suffer 'plain legal prejudice.'" *Id.* (quoting *Kunz*, 538 F.3d at 677).

Where, as here, a plaintiff seeks voluntary dismissal *with prejudice*, no plain legal prejudice exists because the defendant cannot be made to suffer the same result again. *See, e.g.*, *Amerimax*, 600 F. Supp. 2d at 1006-07. As this Court has explained, "[t]he law is clear that parties cannot be required to defend against claims that a party has voluntarily dismissed with prejudice," and any future claims of infringement against the defendant by the plaintiffs "would . . . be wholly ineffectual." *Id.* (granting motion to voluntarily dismiss with prejudice because the plaintiff could take no further action against the defendant on the issues in the case, and defendant therefore would suffer no plain legal prejudice from dismissal with prejudice); *see also Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir.1985) (stating that following a dismissal with prejudice, the defendant "cannot be made to defend again"); *Milwaukee Elec. Tool Corp. v. Robert Bosch Tool Corp.*, No. 05 C 1171, 2007 WL 2875232, at *2 (N.D. Ill. Sept. 28, 2007) ("[C]ourts rarely deny a plaintiff's motion for voluntarily dismissal when it is with prejudice

because the defendant receives all the relief that could have been obtained after a full trial and is protected from future litigation by the doctrine of res judicata.").[2]

This Court has noted four non-exclusive factors identified by the Seventh Circuit that courts may consider in deciding whether to grant a Rule 41(a)(2) motion for voluntary dismissal, emphasizing that where the motion seeks to dismiss with prejudice, the factors weigh heavily – if not dispositively – in favor of dismissal: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence of the plaintiff in prosecuting the matter; (3) insufficient explanation for needing dismissal; and (4) the fact that a summary judgment motion has been filed. *Amerimax*, 600 F. Supp. 2d at 1006-07 (citing *Kunz*, 538 F.3d at 677-78).

Although the absence of plain legal prejudice should be dispositive of Plaintiffs' entitlement to voluntary dismissal with prejudice, none of the other factors weighs against granting this motion. First, no trial date has been set; hence, trial preparation has not advanced, and granting dismissal with prejudice will save resources by allowing the Court and the parties to avoid having to prepare for trial. The second factor weighs heavily in favor of dismissal, as there was no delay or lack of diligence. To the contrary, following the adverse rulings in Minnesota and Texas, Plaintiffs promptly reached out to Defendants to raise the prospect of a voluntary dismissal, and they redoubled those efforts after deciding not to expend the resources on perfecting an appeal in either of those other cases. This motion is being filed promptly – within two weeks – after Defendants advised Plaintiffs' counsel of their lack of interest in resolving the case at this juncture. *See* Rich Decl. ¶ 10. Finally, for the reasons explained above, a dismissal

---

[2] The fact that the U.S. Patent and Trademark Office has asserted a counterclaim for a declaratory judgment of non-infringement (Dkt. 35) has no bearing on this motion, as a dismissal with prejudice will effectively moot that counterclaim.

with prejudice will eliminate any prejudice Defendants might assert to flow from this Court not ruling on the pending summary judgment motions.

Additional considerations also favor granting this motion. Courts have found it particularly appropriate to grant dismissal of copyright infringement claims where the plaintiff seeks dismissal with prejudice promptly following a change of circumstance that impacts the merits of the claims as well as where the plaintiff sought unsuccessfully to settle the case. *See, e.g., Spacesaver Corp. v. The Marvel Grp., Inc.*, No. 08–cv–354–slc, 2009 WL 3297248, at *3 (W.D. Wis. Oct. 13, 2009) (granting motion for voluntary dismissal of copyright infringement claims with prejudice and noting defendant's unreasonable response to plaintiff's offer to voluntarily dismiss with prejudice); *Dun & Bradstreet, Inc. v. Walter*, No. 90 C 5577, 1991 WL 78172, at *1-2, 4 (N.D. Ill. May 7, 1991) (granting motion for voluntary dismissal with prejudice of copyright infringement claims where plaintiffs promptly moved for dismissal following a Supreme Court ruling adverse to claims that had a basis in law when brought).

Where, as here, the plaintiff has made diligent but fruitless efforts to resolve the case in light of changed circumstances (in this case two adverse summary judgment rulings), it is appropriate for the court to grant a dismissal with prejudice to avoid the further expenditure of judicial and party resources in litigating claims that the plaintiff will be precluded, as a result of the dismissal with prejudice, from pursuing again. *See, e.g., Spacesaver Corp.*, 2009 WL 3297248, at *3. The absence of prejudice is underscored by the district court rulings adverse to Plaintiffs in the substantially similar Minnesota and Texas cases, in which the same plaintiffs have voluntarily chosen not to pursue appeals, thereby making those rulings final.

Finally, given Plaintiffs' willingness to dismiss the action with prejudice and their having brought this motion promptly after it became clear that a stipulated dismissal was not possible,

6

the Court should grant the motion without imposing any further "terms" under Rule 41(a)(2). Dismissal with prejudice will provide the Defendants with assurance that they will not again be sued by Plaintiffs for the same conduct, and it will spare both parties the time and expense of continuing this litigation unnecessarily. *See, e.g.*, *Amerimax*, 600 F. Supp. 2d at 1006-08 (granting dismissal with prejudice and imposing no further terms and conditions because the prejudicial dismissal is itself a basis for finding no prejudice to defendants); *Dun & Bradstreet*, *supra* (same); *Spacesaver*, *supra* (same).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Dated: March 5, 2014

Respectfully submitted,

/s/ Annette M. McGarry
Annette M. McGarry (#6205751)
amm@mcgarryllc.com
Marianne C. Holzhall (#6204057)
mch@mcgarryllc.com
McGarry & McGarry, LLC
120 North LaSalle Street, Suite 1100
Chicago, IL 60602
(312) 345-4600

/s/ William Dunnegan
William Dunnegan
Laura Scileppi
Dunnegan & Scileppi LLC
350 Fifth Avenue, New York, NY 10118
(212) 332-8300

Attorneys for Plaintiffs