IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN WILEY & SONS, LTD., et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 12 CV 1446 |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| MCDONNELL BOEHNEN HULBERT & ) | |
| BERGHOFF LLP, et al., ) | |
| ) | |
| Defendants ) | |
| ) | |
| and ) | |
| ) | |
| THE UNITED STATES PATENT & ) | |
| TRADEMARK OFFICE, ) | |
| ) | |
| Intervening Defendant and ) | |
| Counterclaim Plaintiff. ) | |

## ORDER

Plaintiffs' Motion for Voluntary Dismissal With Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) [230] is granted.

## STATEMENT

Before the Court is Plaintiffs John Wiley & Sons, Ltd. and American Institute of Physics' (collectively, "Plaintiffs") motion for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For the following reasons, the motion is granted.

This copyright infringement case is one of four actions initiated by Plaintiffs, seeking relief from alleged unauthorized copying and/or distribution of non-patent literature, i.e., copyrighted scientific articles by law firms and their professionals in connection with their patent prosecution practices. Plaintiffs initiated this action against Defendant McDonnell Boehnen Hulbert and Berghoff LLP ("MBHB") on February 29, 2012. On June 14, 2012, the Court granted the United States Patent and Trademark Office leave to intervene in this case and file its answer, fair use affirmative defense, and counterclaim for declaratory relief. The other three lawsuits were brought in federal courts in the District of Minnesota, the Northern District of Texas, and the District of Kansas. The Kansas action settled prior to any substantive ruling by the court. The district courts in the Minnesota and Texas actions granted summary judgment in favor of the defendants on the issue of fair use, 17 U.S.C. § 107. Am. Inst. of Physics v. Winstead PC, Civil Action No. 3:12-CV-1230-M, 2013 WL 6242843 (N.D. Tex. Dec. 3, 2013); Am. Inst. of Physics v. Schwegman, Lundberg & Woessner, P.A., Civil No. 12-528 (RHK/JJK),

2013 WL 4666330 (D. Minn. Aug. 30, 2013) (adopting the magistrate judge's report and recommendation, dated July 30, 2013). Plaintiffs initially pursued an appeal of the Minnesota court's ruling. On February 18, 2014, however, Plaintiffs dismissed their Eighth Circuit appeal. On January 31, 2014, the parties in the Texas case reached a settlement, and Plaintiffs filed a stipulated motion to voluntarily dismiss the case with prejudice, which the court signed on February 3, 2014. Plaintiffs filed the instant motion for voluntarily dismissal with prejudice on March 5, 2014.

    The Court, in its discretion, may dismiss this action pursuant to Rule 42(a)(2) unless "the defendant shows that [it] will suffer 'plain legal prejudice.'" Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008). The Seventh Circuit has identified several factors as a guide for district courts in considering whether "plain legal prejudice" will occur: (1) the defendant's effort and expense in preparing for trial; (2) the plaintiff's excessive delay and lack of diligence in prosecuting the action; (3) the sufficiency of the plaintiff's explanation for dismissal; and (4) the fact that the defendant has filed a motion for summary judgment. Id. (citation omitted); see also Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980). Enumeration of these factors, however, "is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate." Tyco Labs., Inc., 627 F.2d at 56.

    As an initial matter, the Court notes that no trial date has been set in this case, and the parties have been proceeding before the Magistrate Judge for purposes of discovery. Thus, the first factor concerning trial preparation is irrelevant here. MBHB, nevertheless, argues that it will be prejudiced by dismissal insofar as its effort and expense litigating this case to date will be rendered worthless. While this case has no doubt generated significant expenses for both parties, MBHB's stated effort and expense in defending against Plaintiffs' copyright infringement claim simply does not amount to the "plain legal prejudice" required to force a litigant to proceed with a claim it seeks to voluntarily dismiss with prejudice.

    Next, MBHB argues that Plaintiffs delayed filing the instant motion for voluntary dismissal. The record, however, does not support this assertion. To the contrary, following a second adverse ruling on the issue of fair use in a similar case, Plaintiffs took reasonable steps to end their litigation efforts. The second adverse ruling was issued in December of 2013. Thereafter, the parties reached a settlement and the Texas case was dismissed by court order on February 3, 2014. Shortly thereafter, Plaintiffs dismissed their Eighth Circuit appeal of the adverse Minnesota ruling. Approximately two weeks later, Plaintiffs filed the instant motion. But as early as December of 2013, Plaintiffs sought to resolve this case by way of settlement. The Court therefore finds no excessive delay.

    MBHB also contends that Plaintiffs' explanation for dismissal is insufficient because on one hand they disagree with the adverse rulings against them, and on the other hand argue that those same non-binding, opinions impact the merits of their claim in this case. That Plaintiffs now seek to end the litigation based on adverse rulings against them in other similar cases, yet continue to justify the merits of this case is unremarkable, particularly in anticipation of a motion for attorneys' fees pursuant to 17 U.S.C. § 505. Although the opinions from the District of Minnesota and the Northern District of Texas are non-binding, Plaintiffs' circumstances have nonetheless changed since filing suit here. Plaintiffs have proffered a sufficient explanation for dismissal.

    With respect to the fourth factor, MBHB has moved for summary judgment based on non-infringement of Plaintiffs' asserted copyrights—one of its fifteen affirmative defenses. The Court observes that "the shotgun inclusion of issues may be the basis of hitting the target with

2

something but still runs the risk of obscuring the significant issues by dilution." <u>United States v. Levy</u>, 741 F.2d 915, 924 (7th Cir. 1984); <u>see</u> <u>also</u> <u>Moore v. Vital Prods., Inc.</u>, 641 F.3d 253, 259 (7th Cir. 2011). Plaintiffs have also moved for partial summary judgment on eleven of MBHB's fifteen affirmative defenses, asserting that the affirmative defense of fair use raises an issue of material fact for a jury to determine at trial and that the three final affirmative defenses relate only to the issue of damages. In sum, both parties have filed early motions for summary judgment, but the purportedly dispositive issue, fair use, is not among the issues pending resolution on summary judgment. MBHB asserts that it plans to file a motion for summary judgment on fair use in April, pursuant to a briefing schedule to be set by the Magistrate Judge during a March 28, 2014 status hearing. Additionally, MBHB argues that dismissal will deprive it of:

> a reasoned court decision on the merits based on a full record, which will function as strongly persuasive authority, and which will provide guidance to other courts and thus offer greater security to MBHB and the entire patent prosecution industry if other publishers or the Plaintiffs bring claims in the future.

Def. McDonnell Boehnen Hulbert & Berghoff LLP's Opp'n to Pls.' Mot. for Voluntary Dismissal With Prejudice 6. MBHB's hubris in its legal position, however, does not warrant further expenditure of judicial and the parties' resources in forcing this matter to a resolution on the merits.

Indeed, "courts rarely deny a plaintiff's motion for voluntarily dismissal when it is with prejudice because the defendant receives all the relief that could have been obtained after a full trial and is protected from future litigation by the doctrine of res judicata." <u>Milwaukee Elec. Tool Corp. v. Robert Bosch Tool Corp.</u>, No. 05 C 1171, 2007 WL 2875232, at *2 (N.D. Ill. Sept. 28, 2007) (citing <u>Cauley v. Wilson</u>, 754 F.2d 769 (7th Cir. 1985)). Further, MBHB's argument that it "has reason to be apprehensive that Plaintiffs will try to sue it in the future for infringement of other articles (or sue other firms that MBHB partners may join in the future)," Def. McDonnell Boehnen Hulbert & Berghoff LLP's Opp'n to Pls.' Mot. for Voluntary Dismissal With Prejudice 3, is patently without merit and constitutes pure speculation and conjecture. Moreover, MBHB has no standing to assert any argument on behalf of hypothetical future ventures or the patent prosecution industry as a whole. <u>See</u> <u>Perry v. Globe Auto Recycling, Inc.</u>, 227 F.3d 950, 953 (7th Cir. 2000) ("[P]eople have no standing to assert the rights of third parties." (citation omitted)). Accordingly, the Court finds that MBHB has not shown that it will suffer "plain legal prejudice." Plaintiffs' motion is therefore granted.

IT IS SO ORDERED.

ENTER: *Charles Norgle* (signature)

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 25, 2014